[Civ. No. 2912. First Appellate District, Division One.—May 9, 1919.]

METROPOLITAN REDWOOD LUMBER COMPANY (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—QUARRELS BETWEEN EMPLOYEES —LIABILITY OF EMPLOYER FOR INJURIES.—Injuries suffered by employees due to quarrels between themselves may not be made the basis of compensation under the Workmen's Compensation Act, except where the fellow-employee committing the injury did so while in an intoxicated state of frenzy and passion, which was his habitude and which rendered it unsafe for him to be permitted to work with his fellow-employees, and which condition was known to his employer, or where the injured employee was the superior

in rank to the one causing his injuries, and the assault arose out of an attempted exercise of discipline on the part of the superior employee.

PROCEEDING on Certiorari to review an award of the Industrial Accident Commission. Award annulled.

The facts are stated in the opinion of the court.

Redman & Alexander for Petitioners.

Christopher M. Bradley and Warren H. Pillsbury for Respondents.

RICHARDS, J.—The following are the undisputed facts in the case. The petitioner, Metropolitan Redwood Lumber Company, maintained a store at a small town named Metropolitan, in Humboldt County. Henri Gireaux, the applicant for compensation before the Industrial Accident Commission, was an employee of said petitioner in the capacity of storekeeper, having in charge its stock of merchandise in its said store. One J. T. Cleary was also employed by the said petitioner as its bookkeeper in said store. The postoffice of the town was at the store, and the said J. T. Cleary was the postmaster, receiving in addition to his salary as one of said petitioner's employees a salary of ten dollars per month from the United States government for acting as such postmaster. The postoffice seems to have been an adjunct of the store, and the several employees of the petitioner carried the mail to and from the postoffice and the railway station. A discord had arisen between Gireaux and Cleary, the former having insisted on charging to the latter's account some small items of merchandise, such as candy, which the latter had taken without charging himself. Some trouble over making change between the two intensified this discord. Just prior to the collision causing the applicant's injuries he had carried the mail across to the train and was coming back to the store with the return bag of mail when he was met by Cleary, who was taking some mail to another train, but who, upon meeting Gireaux, without further or other provocation, dropped his mail and made a personal attack upon Gireaux, striking him violently and causing the injuries for which he sought compensation. So far as the petitioner herein, their employer, was concerned,

the two men were of equal rank as its employees, neither being the superior of the other in his employment.

The Industrial Accident Commission by a divided vote made the award assailed in this proceeding. The only question presented for our consideration is as to whether the said applicant was entitled to such award as for an injury arising out of his employment.

[1]    While the authorities cited by the respective parties hereto from other jurisdictions are in conflict as to the right of employees to compensation in this class of cases, we are unable to distinguish in principle between this case and the cases of *Coronado Beach Co.* v. *Pillsbury*, 172 Cal. 682, [L. R. A. 1916F, 1164, 158 Pac. 212], and *Fishering* v. *Pillsbury*, 172 Cal. 690, [158 Pac. 215]. It is true that in each of these cases, as in this case, the applicant at the time of his injuries was in the course of his employment; in each of those cases the act of the fellow-employee which was the immediate cause of the injuries was a playful or, at least, not a willfully intentional act arising out of ill will on the part of the person causing said injuries; but the reasoning of the supreme court in each of the above-cited cases, as well as the authorities given in support thereof, apply equally to a case where the injury was intentionally inflicted. In the case of *Coronado Beach Co.* v. *Pillsbury, supra,* the learned justice writing the opinion, in his very full *résumé* of the authorities touching this question, calls attention to an exception to the general rule on nonliability of the employer for injuries resulting from either the playful acts or intended assaults of fellow-employees, which exists where the fellow-employee committing the injury did so while in an intoxicated state of frenzy and passion, which was his habitude and which rendered it unsafe for him to be permitted to work with his fellow-employees, and which condition was known to his employer, who would thus be negligent in subjecting his peaceable servants to such known risk. A second exception is also noted in the cases cited which arises in cases where the injured employee was the superior in rank to the one causing his injuries, the assault arising out of an attempted exercise of discipline on the part of the superior employee. Neither of these exceptions can be given application to the case at bar.

The following authorities fully sustain our view that ordinarily and outside of the exceptions above noted injuries suf-

fered by employees due to quarrels between themselves may not be made the basis of compensation under the Workmen's Compensation Acts: *Jacquemin* v. *Turner etc. Co.*, 92 Conn. 382, [L. R. A. 1918E, 496, 103 Atl. 115]; *Stillwagon* v. *Callon Bros.*, 183 App. Div. 141, [170 N. Y. Supp. 677]; *Union Sanitary Mfg. Co.* v. *Davis* (Ind. App.), 115 N. E. 676; *Mountain Ice Co.* v. *McNeil*, 91 N. J. L. 528, [L. R. A. 1918E, 494, 103 Atl. 184]; *De Fillippis* v. *Falkenberg*, 170 App. Div. 153, [155 N. Y. Supp. 761]; *Tarpper* v. *Weston etc. Co.*, 200 Mich. 275, [L. R. A. 1918E, 507, 166 N. W. 857].

The recent case of *Kimbol* v. *Industrial Acc. Com.*, 173 Cal. 351, [Ann. Cas. 1917E, 312, L. R. A. 1917B, 595, 160 Pac. 150], to which our attention has been directed, arose out of quite a different state of facts; and if there is anything contained in the opinion therein touching this case it must be taken as supporting rather than opposing the views above advanced.

It follows that the award of the commission must be held to have been in excess of its jurisdiction, and must, therefore, be annulled. It is so ordered.

Waste, P. J., and Kerrigan, J., concurred.