[Civ. No. 4702. First Appellate District, Division One.—October 29, 1923.]

WARREN CONSTRUCTION COMPANY (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT — ALTERCATION BETWEEN EMPLOYEES — INJURY TO TIMEKEEPER — EVIDENCE.—A timekeeper in the employ of a company is entitled to compensation under the

---

1. Recovery of compensation under the workmen's compensation acts where workman suffers injury from assault, notes, Ann. Cas. 1915A, 126; Ann. Cas. 1916B, 1302, 1307; Ann. Cas. 1918B, 787, 794, 803, 804; 15 A. L. R. 589; 21 A. L. R. 760; L. R. A. 1916A, 309; L. R. A. 1918E, 498.

Workmen's Compensation Act for an injury received in an altercation with a fellow-employee, who had terminated his employment with the company, where the altercation occurred when the timekeeper, acting under the express orders of the company, refused to deliver to said discharged employee his check until such time as he was ready to leave the camp of the company.

PROCEEDING in Certiorari to annul an award of the Industrial Accident Commission granting compensation. Award affirmed.

The facts are stated in the opinion of the court.

H. C. Kelsey for Petitioners.

Warren H. Pillsbury and A. E. Graupner for Respondents.

TYLER, P. J.—This is an original proceeding to review an award of the Industrial Accident Commission allowing compensation to one C. M. Keily for an injury suffered while in the employ of petitioner. It is claimed that such injury did not arise out of the employment and that it was not proximately caused thereby as required by the Workmen's Compensation Act (Stats, 1917, p. 831), so as to entitle the employee to compensation.

Keily was employed by the Warren Construction Company as a timekeeper, and was so employed on the seventeenth day of November, 1922. At that time the company was insured against liability under the Insurance and Safety Act, the Globe Indemnity Company being its insurance carrier. On the day last mentioned Keily and a fellow-employee, one Randall, had an altercation concerning the payment of the wages due Randall, who had terminated his employment with the company. In the performance of his duties Keily kept account of the time the different employees worked and he delivered to them their pay checks. Keily refused to deliver Randall his check until such time as he was ready to leave the camp. In doing so he was carrying out the express orders of the company, which had adopted this rule for the reason that the company had lost money in consequence of employees remaining around the camp and obtaining meals without paying for them after they had severed their connection with the company.

The testimony is in conflict as to who was the aggressor in the altercation. As a result thereof, however, Keily fell, and his left shoulder was injured in consequence of the fall, and the injury formed the basis of these proceedings.

The Commission found that the injury sustained occurred in the course of and arose out of the employment, and that there was no serious and willful misconduct on the part of the employee. It further found that the injury caused temporary total disability continuing from the date thereof, entitling the employee to the sum of $20.83 a week during such time, exclusive of the waiting period of seven days; that the amount accrued to February 14, 1923, inclusive, was $244, the benefit being based upon the maximum wages allowed by law as a basis of compensation. Medical expenses were also provided for, to be fixed by the Commission upon the filing of itemized bills, and the further sum of $20.83 weekly, beginning with February 15, 1923, until the termination of disability or the further order of the Commission.

It is claimed by the petitioner that the Commission, in making the award acted without and in excess of its powers, and that the evidence does not justify the findings of fact.

In support of this contention it is argued that the accident was not one reasonably incident to the employment. We are cited to numerous decisions, both in this and other jurisdictions, upon the question as to the right of compensation in this class of cases, but so much has been said upon the subject that we do not think the instant case requires an elaborate discussion and review of the authorities. The difficulties that confronted courts when the question of liability or nonliability for assaults originally arose have been settled and made clear by the authorities; and while courts are not in complete accord upon the subject we do not think that a *résumé* of the authorities would answer any useful purpose. It is conceded that in this state the decisions are to the effect that injuries sustained by reason of "horse-play" are not compensable, and that they have no application to the present case.

As is pointed out in *Metropolitan Redwood Lumber Co.* v. *Industrial Acc. Com.*, 41 Cal. App. 131 [182 Pac. 315], the general rule on nonliability of the employer for injuries resulting from either the playful acts or intended assaults of

fellow-employees is fully discussed in *Coronado Beach Co.*
v. *Pillsbury,* 172 Cal. 682 [L. R. A. 1916F, 1164, 158 Pac.
212]. Cases are there cited which aptly illustrate the rule
that intended assaults are compensable only when they result
from risk reasonably incident to the employment.

In *Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686 [151
Pac. 398], it was held that a personal injury inflicted upon
a foreman by inferior employees in an altercation between
them which grew out of the foreman's justifiable efforts to
maintain his authority as foreman was an "accident" aris-
ing out of the foreman's employment within the meaning of
the Workmen's Compensation Act.

[1] Here, while Keily was not a foreman, he certainly was
a superior employee; and the altercation having arisen over
the carrying out by Keily of his orders, we are of the opin-
ion that the reasoning in the case last cited is controlling
here, for he was undertaking to do something in the line of
his duty by reason of which he received his injury. It must
therefore follow that there is a causal connection between
the employment and the injury. It resulted from an inci-
dent connected with the employment, and must therefore
be held to have arisen out of the employment, the injury
being fairly traceable as an incident of the work. The
assault was not the result of a personal grievance between
workmen, or to excitement over verbal altercations uncon-
nected with the employment of the parties. In such a case
under the authorities of this state an injury is not com-
pensable, if it cannot be traced to the employment as a con-
tributing cause (see *Coronado Beach* v. *Pillsbury, supra*).
The rule is otherwise where, as here, the injury can fairly
be traced as an incident of the work, in which case it must
be held to have arisen out of the employment.

The award is affirmed.

Richards, J., and St. Sure, J., concurred.

A petition for a rehearing of this cause was denied by
the district court of appeal on November 29, 1923, and a
petition by petitioners to have the cause heard in the su-
preme court, after judgment in the district court of appeal,
was denied by the supreme court on December 27, 1923.