[S. F. No. 10948.   In Bank.—April 11, 1924.]

GLOBE INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, etc., et al., Respondents.

[1] Workmen's Compensation Act—Injury to Cook Inflicted by Fellow-employee — Compensability of — Evidence.—Injuries inflicted upon a cook by a dishwasher in a restaurant, where they were employed, as a result of an altercation concerning the placing by the latter of unwashed dishes in a sink which the cook desired to use, arose out of and in the course of the cook's employment and were compensable within the meaning of the Workmen's Compensation Act, the cook not being the aggressor, and there not being any prior or personal quarrel or bad feeling between the two men preceding the altercation in question or that arose out of any circumstances extraneous to the employment in which they were engaged, neither of the men being unusually quarrelsome.

PROCEEDING in Certiorari to annul an order of the Industrial Accident Commission awarding compensation. Award affirmed.

The facts are stated in the opinion of the court.

H. C. Kelsey for Petitioner.

Warren H. Pillsbury for Respondents.

WASTE, J.—This is an application for a writ of review for the purpose of determining the lawfulness of an award and certain orders of the Industrial Accident Commission. The petitioner is the insurance carrier of Robert A. Gebhardt, the owner of a restaurant, who had in his employ the respondent, Ernest Kopp, a cook, and one Paul Griffith, who was a dishwasher and roustabout. As the result of an altercation between the two men, Griffith struck Kopp on the head,. breaking his jawbone and inflicting other injuries. Kopp, in due time, presented to the Industrial Accident Commission a claim for the injuries thus received.

---

Injury received from assault by coemployee, as injury arising out of and in the course of the employment within the meaning of Workmen's Compensation Act, note, L. R. A. 1918E, 498.

An award was made in his favor, which is the subject of the present inquiry.

It appears that early on a morning in September, 1922, Kopp, the cook, was preparing breakfast at the restaurant. There were many pots and kettles lying around awaiting washing from the day before, and Kopp requested Griffith to clean them up, which the latter started to do. In doing the work, apparently he placed some of the unwashed dishes in the sink which the cook desired to use, and an altercation arose between the two men which resulted in the blow and injury just described.

[1] The record is replete with evidence from which the respondent Commission was justified in finding that the injured cook was not the aggressor, and that there was not any prior or personal quarrel or bad feeling between the two men preceding the incidents of the morning in question or that arose out of any circumstances extraneous to the employment in which they were at that time engaged. The evidence also shows that neither of the participants in the dispute was unusually quarrelsome, except that the employer testified that he thought Griffith, the dishwasher, had rather a quick temper.

Under these circumstances the Commission was justified in allowing compensation to Kopp. The injury was clearly one arising out of and in the course of his employment, within the meaning of the Workmen's Compensation Act [Stats. 1917, p. 831]. (*Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686, 706 [151 Pac. 398]; *Warren Construction Co.* v. *Industrial Acc. Com.,* 64 Cal. App. 260 [221 Pac. 381].) It was received while Kopp was actually performing a duty in the course of his employer's business, and can fairly be said to be an incident of such employment. (*San Diego & Ariz. Ry. Co.* v. *Industrial Acc. Com., ante,* p. 341 [223 Pac. 972].)

The award is affirmed.

Richards, J., Lawlor, J., Lennon, J., Seawell, J., and Myers, C. J., concurred.