## ÆTNA LIFE INS. CO. v. WINDHAM.
### No. 6241.

Circuit Court of Appeals, Fifth Circuit.
Dec. 4, 1931.

Shelby S. Cox and Wm. M. Cramer, both of Dallas, Tex., for appellant.

Ben H. Gallagher and Ralph Gillen, both of Dallas, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, an insurance carrier under the workmen's compensation laws of Texas, at the close of the evidence moved for an instructed verdict. This motion was refused. The case was sent to the jury on charges submitting to them, as an issue of fact, whether plaintiff's injuries were received by him while in the course of his employment in the furtherance of his employer's business. From a verdict and judgment finding the injuries compensable, this appeal is prosecuted.

Appellant contends here, as it did in the trial court, that the evidence presented no issue of fact for the jury; that the injuries were noncompensable as a matter of law. In addition, it assigns as error the failure of the trial court to give to the jury three special charges which it requested.

We agree with appellant that the evidence upon the question of compensability presented no conflict, made no jury issue, and that a verdict should have been directed on this point. The direction, however, should have been not against, but in favor of, appellee. Upon the undisputed proof appellee's injuries were inflicted upon him while on the employer's premises, clothed in the employer's uniform, with the employer's keys still in his pocket. They were inflicted without fault on the part of appellee, in the course of a dispute over his discharge for matters growing out of his employment. Under these circumstances there can be no question that the injuries did originate in the business of his employer, and that they were sustained while he was employed in and about the furtherance of his employer's affairs. Briefly stated, the undisputed facts are: Appellee was employed as building engineer for the Owens Company, in the Burke Building, under his brother, the building manager. Shortly before the injuries complained of occurred, the manager, suspecting appellee of drinking while on duty, went to the basement, told him that he was discharged for drinking on the job, and directed him to come to the office for his pay. In the office appellee undertook to defend himself from the charge of drinking on duty, protested his discharge, and refused to accept his pay or sign a receipt. Incensed by this action, the manager struck appellee three times in the face.

Appellee still declining to accept the discharge, and asking that the manager leave the office and come downstairs where the matter could be talked over in private, the two went down to the sidewalk, the manager still very angry and expecting a fight. There appellee still refused to accept the discharge and the manager still insisted that the discharge stand. After some talk the manager demanding that appellee come back into the building, turn over to him as building manager the property that belonged to his employer, uniform, keys, etc., caught appellee by the arm and pulled him back into the building. Appellee resisting, the manager jerked him so violently that he fell upon the concrete pavement, breaking his kneecap. The manager testified: "My purpose in pulling him was to get him to sign the receipt for the money and restore the property. There was never a time from the time I first went down into the basement when I asked him if he had taken a drink of liquor until he hurt his kneecap that I had set aside my intention to discharge him."

In Texas [Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; Constitution Indemnity Co. v. Shytles (C. C. A.) 47 F.(2d) 441; Standard Accident Ins. Co. v. Stanaland (Tex. Civ. App.) 285 S. W. 878], as in other states having workmen's compensation laws, these statutes are liberally construed to give effect to the remedial purpose of the law. Though of course an injury is not compensable unless it results from a risk or hazard incident to the conduct of such work or business, it is uniformly held that those risks and hazards are incident to the business which arise in the course of it, and out of or in connection with its activities, even though the hazards are themselves unusual and not normally to be expected. In this view fights between workmen over the manner, or while in the course, of doing work, quarrels between the foreman and employees arising in the same way,

and particularly disputes and difficulties arising over attempts to reprimand or discharge workmen for their conduct while about, or in the manner of doing, their employer's work, are covered and injuries resulting are compensable. Early-Stratton Co. v. Rollison, 156 Tenn. 256, 300 S. W. 569, 570.

Appellee cites, as supporting this view, United States Casualty Co. v. Hampton (Tex. Civ. App.) 293 S. W. 260, 261; Standard Accident Ins. Co. v. Stanaland (Tex. Civ. App.) 285 S. W. 878; McClure v. Ga. Casualty Co. (Tex. Com. App.) 251 S. W. 800; Casualty Reciprocal Exchange v. Parker (Tex. Civ. App.) 300 S. W. 230; Id. (Tex. Com. App.) 12 S.W.(2d) 536; Indemnity Ins. Co. v. Scott (Tex. Civ. App.) 278 S. W. 347; Warren Const. Co. v. Industrial Accident Commission, 64 Cal. App. 260, 221 P. 381; Zymunotwicz v. Am. Steel & Wire Co., 240 Mass. 421, 134 N. E. 385, 387; Guderian v. Sterling Sugar & Ref. Co., 151 La. 59, 91 So. 546; Rydeen v. Monarch Fur. Co., 240 N. Y. 295, 148 N. E. 527; Meucci v. Gallatin Coal Co., 279 Pa. 184, 123 A. 766; Field v. Charmette, etc., Co., 245 N. Y. 139, 156 N. E. 642; Mitchell v. Consol. Coal Co., 195 Iowa, 415, 192 N. W. 145; Crane v. Indus. Comm., 306 Ill. 56, 137 N. E. 437; Perry v. Beverage, 121 Wash. 652, 209 P. 1102, 214 P. 146; and many others. To these we refer. Appellant cites none making against it. We have found none.

There is no merit in appellant's remaining assignment, upon the failure of the court to charge as requested, upon the issue of intoxication. The trial court on that issue charged the jury much more favorably to appellant than it asked. Instead of submitting whether intoxication contributed to the injuries, they were flatly told that if appellee was intoxicated he could not recover.

This record upon the undisputed proof presents a case of a serious injury inflicted upon an employee by the representative of the employer in the course of efforts to sever the injured employee from the service of the master. The District Court might well, upon the proof, have directed a verdict for plaintiff. It did not do so. In a fair charge it submitted the issue of compensability as though the facts were in dispute. The jury found for plaintiff. If there was a fact issue, the finding has disposed of it.

The record presents no prejudicial error.

The judgment is affirmed.