**WEST PENN SAND & GRAVEL CO. et al. v. NORTON, Deputy Com'r (DONNE, Intervener).**

No. 3259.

District Court, W. D. Pennsylvania.

Feb. 17, 1937.

J. M. Reed, of Pittsburgh, Pa., for plaintiff.

C. F. Uhl, U. S. Atty., and James G. Legnard, Asst. U. S. Atty., both of Pittsburgh, Pa., for defendant.

Bradshaw, McCreary, Stevenson & Reed, of Beaver, Pa., for intervener.

SCHOONMAKER, District Judge.

This is a suit in equity where the plaintiffs are seeking to set aside a compensation award of the United States Employees' Compensation Commission against the plaintiffs, and in favor of the intervening defendant, Rose Delle Donne, widow of Joseph Delle Donne, on account of the drowning of her husband in the Ohio river while he was at work for the West Penn Sand & Gravel Company on a barge owned by that company, and then afloat on the waters of the Ohio river at Rochester, Pa. Plaintiffs also ask an interlocutory injunction to restrain the collection of that award pending final hearing in this case. A rule to show cause was granted

why this interlocutory injunction should not issue, returnable February 3, 1937.

On the return day of the rule, the defendant moved to discharge this rule, because this was not a proper case for an interlocutory injunction pending the final decision in the instant case. As we viewed the case at the time of argument of this rule, it appeared to us that the plaintiffs would have a reasonable chance of maintaining their bill, and that under those circumstances irreparable damages would be caused them, if they were required to pay the award in advance of trial.

Whereupon, the parties agreed to proceed with the case at once as on final hearing, and the same day filed a written stipulation as to the facts to be admitted in evidence.

This whole proceeding is under the provisions of the Longshoremen's and Harbor Workers' Compensation Act (title 33, chapter 18, § 921, U.S.C.A.).

It is charged in the bill that the compensation award is not in accordance with law, and therefore the award should be set aside, because the evidence did not show the death of Joseph Delle Donne arose out of his employment by the plaintiff, West Penn Sand & Gravel Company.

■ The facts of the case are not in dispute. We must accept the Commissioner's findings of fact as true, if there was evidence on which to base them. He found as follows:

"That on the 9th day of July, 1936, Joseph Delle Donne was in the employ of the employer above named at Rochester, in the State of Pennsylvania, in the Third Compensation District established under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, and that the liability of the employer for compensation under said Act was insured by the Hartford Accident & Indemnity Company; that on said day said Joseph Delle Donne, while performing services for the employer upon the navigable waters of the United States, sustained personal injury resulting in his death while he was employed as a utility man on a barge of the employer, then afloat on the waters of the Ohio River at said Rochester; that said Joseph Delle Donne was assisting in unloading certain equipment of the employer from said barge to the shore by means of a crane, and it was the duty of the deceased, together with other employees, viz., Mike Diklich and Henry Mays, to attach the articles of equipment and apparatus to the crane; that after they had so attached or hooked on a pump the craneman swung it to the shore and there was an interval during which the three employees had no active duties to perform; that during this interval of waiting said deceased was upon the barge pursuant to his employer's instructions and at his employer's disposal; that horseplay or scuffling between him and his fellow employee, Mike Diklich, was initiated by said Diklich; that the deceased merely resisted the attack of his co-employee and did not actively participate in the horseplay; that the attack was made in a friendly spirit and without any personal or antagonistic motive; that said Joseph Delle Donne's death was caused by this horseplay; that while engaged in it both men fell overboard into the river, and said Joseph Delle Donne's death resulted forthwith by drowning."

On these facts the Commissioner concluded that the death of Delle Donne arose out of, and in the course of, his employment.

The Longshoremen's and Harbor Workers' Compensation Act (title 33, § 902(2), U.S.C.A.), thus defines the term "injury," as used in the act: "(2) The term 'injury' means accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury, and includes an injury caused by the willful act of a third person directed against an employee because of his employment."

It is conceded in the instant case that the injury was during the course of Delle Donne's employment. But the plaintiffs contend that the evidence does not show that arose out of his employment. The evidence fully justifies the findings of fact made by the Commissioner, so we need consider only whether these facts justify his conclusions that the death of Delle Donne arose out of his employment.

■ The case is rather a close one, but, as the statute under consideration must be liberally construed in favor of an injured employee (Baltimore & Philadelphia Steamboat Co. v. Norton, Commissioner, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366), our conclusion is that the Commissioner correctly ruled the case.

To be compensable, the death or injury to an employee must arise in the course of and out of the employment. An injury may arise out of the employment when it occurs in the course of the employment, and as a result of a risk involved in or incidental to the employment or to the conditions under which it is to be performed. Ætna Life Insurance Co. v. Windham (C.C.A.) 53 F.(2d) 984; General Accident, Fire & Life Assur. Corporation v. Crowell (C.C.A.) 76 F.(2d) 341; Speaks v. Hoage, 64 App.D.C. 324, 78 F.(2d) 208.

Here the employee was at work on a barge in the Ohio river, engaged along with other workmen in affixing, to an unloading crane, articles to be conveyed to land. One of the hazards of the work on the barge would be the danger of falling or being knocked overboard by a misstep, by being jostled by a fellow worker, by engaging in "horse play" with a fellow worker. The risk or hazard of falling or being knocked overboard is always a hazard present to those who are on a vessel.

We therefore conclude Delle Donne's death occurred as a result of a risk involved in or incidental to his employment on a barge moored in the Ohio river, and therefore the case was correctly ruled by the Commissioner. The bill of complaint will be dismissed. Appropriate findings, conclusions, and decree may be submitted.