**58**

## CLARK v. COMMERCIAL CASUALTY INS. CO.*
### No. 8491.

Circuit Court of Appeals, Fifth Circuit.

Feb. 26, 1938.

R. L. Henderson, of Waco, Tex., for appellant.

Hobert Price, of Dallas, Tex., for appellee.

Before FOSTER and SIBLEY, Circuit Judges, and STRUM, District Judge.

FOSTER, Circuit Judge.

This is a suit to recover compensation under the provisions of the Texas Workmen's Compensation Law, Vernon's Ann.

*Rehearing denied March 25, 1938.

Civ.St.Tex. art. 8306 et seq. Error is assigned to the direction of a verdict for defendant.

The following material facts are undisputed. Appellant was employed to operate a freight elevator by the Texas Hotel in Fort Worth, for which he received $42 per month and two meals a day. His duties were performed entirely on the hotel premises. He lived some fourteen blocks away from the hotel. On the morning of February 20, 1934, as he was about to board a street car to go to his work, he was struck by an automobile on the street and seriously injured. He gave notice of injury, and filed his claim with the Industrial Accident Board on July 6, 1935. On October 1, 1935, the claim was denied on the ground that he was not injured while engaged in the course of his employment. He appealed to the District Court to have the ruling of the board set aside, and to recover for his injuries.

Appellant contends that he was required to live where he could be reached by telephone at any time of the day or night, and was subject to call to perform his duties at the hotel at any time, and therefore he was in the course of his employment when going to work.

The contention is untenable. He was not answering an emergency call when injured. He was going to work at the usual hour. His duties did not begin until he arrived at the hotel. The risk to which he was exposed while going to his work was one that affected the public generally, and did not arise from his employment. Ætna Life Ins. Co. v. Palmer, Tex.Civ.App., 286 S.W. 283; Smith v. Texas Employers' Ins. Ass'n, Tex.Com.App., 105 S.W.2d 192. Since the Industrial Accident Board did not deny recovery on the ground that the claim was filed too late, under the law it is unnecessary to discuss that point raised by appellee.

The record presents no reversible error.

Affirmed.