## SOUTHERN PAC. CO. v. SHEPPEARD, Deputy Compensation Com'r.

### No. 9222.

Circuit Court of Appeals, Fifth Circuit.

April 1, 1940.

W. E. Cranford and Fine G. Bedford, both of Galveston, Tex., for appellant.

Douglas W. McGregor, U. S. Atty., and Eugene J. Wilson, Asst. U. S. Atty., both of Houston, Tex., for appellee Deputy Commissioner.

Clarence S. Eastham, of Houston, Tex., for appellees Veola, Robert Lee, and Viree Gaffney.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Bennie Gaffney was fatally injured while working aboard the steamship "El Valle" as a longshoreman for Southern Pacific Company. The widow and minor children of the deceased employee filed claim for death benefits under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C. and U.S.C.Supp. IV, Secs. 901, et seq., 33 U.S.C.A. § 901 et seq. The Deputy Com-

148

missioner, after a hearing, found that Gaffney's injuries arose out of his employment, and entered a compensation order in favor of the claimants. This appeal is from a judgment denying an injunction and affirming the compensation award.

The evidence is not in dispute. The appellant contends, however, that there is no substantial evidence to support the finding that the injury arose out of Gaffney's employment, and that the award of the Deputy Commissioner was not in accordance with law.

The material facts as found by the Deputy Commissioner and the District Court are these: On October 18, 1938, Bennie Gaffney was working with other longshoremen stowing hundred pound sacks of flour aboard the steamship "El Valle". The longshoremen's gang had started work about eight o'clock in the morning. About nine o'clock Gaffney left the work line and retired to the ship's wing for the purpose of adjusting his clothing. Wesley Holmes, a fellow worker, thought Gaffney was taking too much time out and called to him to return to work. Gaffney replied with a vile epithet. At this point another fellow employee, one John Mattox, intervened on behalf of Holmes, saying, "Wesley is right; if you come on in and go to work, it makes the work easy." Gaffney and Mattox then began exchanging epithets and abusing each other using vile and indecent language. Gaffney returned to the work line, the verbal exchanges continued, and finally, while Gaffney was attempting to lift a sack of flour, Mattox struck him over the head twice with a piece of wood, causing fracture of the skull with intracranial hemorrhage. Gaffney died eight days later as a result of the injuries.

■ Under the provisions of the Longshoremen's and Harbor Workers' Compensation Act the findings of the Deputy Commissioner are conclusive if supported by the evidence. Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598; Voehl v. Indemnity Ins. Co., 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245; South Chicago Coal & Dock Co. et al. v. Bassett, 60 S.Ct. 544, 84 L.Ed. ——, decided February 26, 1940, affirming, 7 Cir., 104 F.2d 522; Henderson v. Jones, 5 Cir., 110 F.2d 952, decided March 21, 1940.

■ The Act, like other workmen's compensation laws, is liberally construed, and where there is doubt it should be resolved in favor of the injured employee or his family. Moreover, the Act provides that in any proceeding for the enforcement of a claim "it shall be presumed, in the absence of substantial evidence to the contrary— (a) That the claim comes within the provisions of this chapter. * * *" 33 U.S. C.A. § 920; General Accident, Fire & Life Assur. Corp. v. Crowell, 5 Cir., 76 F.2d 341; Fidelity & Casualty Co. v. Burris, 61 App. D.C. 228, 59 F.2d 1042.

The District Court held that the evidence before the Deputy Commissioner supported the finding that the quarrel between the longshoremen "had its origin in and grew naturally out of the conditions of their employment", and that the abusive language used by the participants and the exchange of vile epithets which culminated in the fatal blows, "was but a continuation of that quarrel." [29 F.Supp. 376, 377.]

■ If, in the course of employment, a quarrel over work leads one employee to injure another, the injury arises out of the employment within the meaning of the Longshoremen's and Harbor Workers' Compensation Act. General Accident, Fire & Life Assur. Corp. v. Crowell, 5 Cir., 76 F.2d 341; Ætna Life Ins. Co. v. Windham, 5 Cir., 53 F.2d 984; Hartford Accident & Indemnity Co. v. Cardillo, App.D.C., March 11, 1940, 112 F.2d 11; Maryland Casualty Co. v. Cardillo, 69 App.D.C. 199, 99 F.2d 432.

■ The evidence before the Deputy Commissioner supports the finding that Bennie Gaffney's death was the result of injuries arising out of his employment.

The judgment is affirmed.