**McWILLIAMS DREDGING CO. v. HENDERSON, Deputy Com'r U. S. Employees Compensation Commission, et al.**

No. 400.

District Court, N. D. Alabama, M. D.

Jan. 18, 1941.

London & Yancey, of Birmingham, Ala., Erle Pettus, Jr., Asst. U. S. Dist. Atty., of Birmingham, Ala., for Joseph H. Henderson.

Ormond Somerville, Jr., of Birmingham, Ala. (of Lange, Simpson, Brantley & Robinson), for claimant.

MURPHREE, District Judge.

This is an action brought by the McWilliams Dredging Company and its insurance carrier to review a decision by a deputy commissioner of the United States Employees Compensation Commission awarding compensation to Mrs. W. D. Williams on a claim under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., by reason of the death of her son, Mr. Bryant M. Williams.

We have heard this case upon the stipulation of facts of the parties, the transcript of the evidence submitted to the deputy commissioner, the deputy commissioner's

findings of fact and award, and the further evidence offered by the plaintiffs herein. Our conclusion is that the decision and award of the deputy commissioner is correct and amply supported by all of the evidence.

On Sunday, October 29, 1940, at about 8:30 o'clock P. M., Bryant M. Williams drowned in the Tennessee River when he fell off of a scow in crossing the scow on his way to the dredge "Louisiana", on which dredge Bryant M. Williams was rooming and boarding. For some ten days prior to his death he had been employed on the dredge "Louisiana", his hours being from eight in the morning to four in the afternoon, with no work shift on Sunday; wages being on an hourly basis. Williams paid one dollar a day for his room and board on the dredge, and the evidence indicates that he was not required in any way to take his meals and lodging on the dredge if he were able to obtain them elsewhere. The scow from which Williams fell belonged to the dredging company, and crossing the scow was a regular and permissible mode of going to the dredge. Williams' absence from the dredge from Saturday to the Sunday evening on which he died was on his own personal business.

The only substantial issue in this case is whether the death of Williams is a compensable one under the statute in question, which defines compensable injury as: "injury or death arising out of and in the course of employment". 33 U.S.C.A. § 902.

 The statute cited employs the conjunctive and therefore requires that the death in question both arise out of and in the course of employment. The difference in the two phrases is this: "arising out of employment" refers to employment as the cause or source of the accident, while "in the course of employment" refers to the employment as the time, place and circumstances of the accident. This distinction has been followed repeatedly in workmen's compensation cases. 4 Words & Phrases, Perm. Ed., 149, 192, Title: Arising out of Employment—Out of and in course of distinguished.

It is appropriate, then, to consider this case in both aspects:

 1. Arising out of employment—employment as cause or source of injury.

The best discussion of the requirement of this phrase appears in the case of Hartford Acc. & Ind. Co. v. Cardillo, App.D.C.

1940, 112 F.2d 11, certiorari denied, 1940, 310 U.S. 649, 60 S.Ct. 1100, 84 L.Ed. 1415. That case held compensable an injury received in a quarrel on the job. The opinion states the general rule that there must be a causal connection between the conditions of work and the accident, but goes further to indicate the liberal use of this rule to hold a reasonable and normal connection with the condition of the work a sufficient causal connection.

A similar holding was arrived at in this Circuit in Southern Pac. Co. v. Sheppeard, 5 Cir., 1940, 112 F.2d 147, affirming, D.C. Tex., 1939, 29 F.Supp. 376.

It should be noted that the requirement of the general rule is a causal connection of the accident not with the work itself, but with the conditions of the work. That this is the rule is illustrated by many cases under the act involved in this case. Michigan Transit Corp. v. Brown, D.C.Mich., 1929, 56 F.2d 200; Ayers v. Hoage, 1933, 61 App.D.C. 388, 63 F.2d 364; West Penn Sand & Gravel Co. v. Norton, 3 Cir., 1938, 95 F.2d 498, affirming D.C.Pa., 1937, 18 F.Supp. 537; Southern Shipping Co. v. Lawson, D.C.Fla. 1933, 5 F.Supp. 321.

Since here the risk causing death seems peculiar to the conditions under which decedent worked, it is interesting, though perhaps not necessary, to observe that such peculiarity of the risk apparently may not be required by the cases, although it makes the case more clearly one requiring that compensation be paid. See Hartford Acc. & Ind. Co. v. Cardillo, supra, 112 F.2d at page 13. But see Clark v. Commercial Casualty Co., 5 Cir., 1938, 95 F.2d 58.

 If, as seems to be the case, the phrase "arising out of employment" refers to the way in which decedent was killed and only requires that death occur because of a condition under which he worked, it is a fair conclusion that here death at least arose from the employment. A more difficult question arises, however, as to whether death here was

2. In the Course of Employment.

As to time, place and circumstances constituting the "course of employment", the cases seem to rely less on a general principle (as with "arising out of employment") than on the facts of the individual case.

The facts of time, place and circumstance of this case may be analyzed three ways:

(a) The accident occurred during off-duty period.

(b) The accident occurred on employer's premises, but while employee not actually engaged in service.

(c) The accident occurred while employee was returning to place of work and in a sense to the work itself.

Since the reported cases do depend upon their individual facts, they are not in agreement under any of these three statements of circumstances; however, it appears that the sequence from (a) to (c) represents an increasing scale of likelihood that the injury will be considered compensable.

One case nearly in point held injury not compensable under the New York Workmen's Compensation Law, Consol. Laws, c. 67 (upon which the present act was modelled) as not "in the course of his employment". There an employee was injured by stepping into a hole while traversing his employer's premises to go to a boarding house also on the premises while returning from a private trip to the city on a Sunday-off day. No service to the employer was involved in his spending the night at that lodging house. De Muth v. Butler, 1924, 210 App.Div. 505, 206 N.Y.S. 748, 749.

Similarly an injury in a bunk-house where an employee was living by choice and not by compulsion was held not to be in the course of employment. Wallace v. Texas Indemnity Ins. Co., Tex.Civ.App., 1936, 94 S.W.2d 1201, 1202.

However, where living on the premises is a required or regular part of the employment it has been held injury therein is in the course of employment. Guiliano v. Daniel O'Connell's Sons, 1927, 105 Conn. 695, 136 A. 677, 56 A.L.R. 504; Griffith v. Cole Bros., 1917, 183 Iowa 415, 165 N.W. 577, 581, L.R.A.1918F, 923; Giliotti v. Hoffman Catering Co., 246 N.Y. 279, 158 N.E. 621, 56 A.L.R. 500; Malky v. Kiskiminetas Valley Coal Co., 1924, 278 Pa. 552, 123 A. 505, 31 A.L.R. 1082.

The logic of these last cases seems to be that injury during off hours at living quarters provided for the employer's benefit is during the course of employment. There is evidence of such employer benefit in the present case.

Returning to a dredge by means of a skiff for the next working shift was held not to be in the course of employment within the Texas statute. Guivarch v. Maryland Casualty Co., 5 Cir., 1930, 37 F.2d 268.

Yet, as was stated in T. J. Moss Tie Co. v. Tanner, 5 Cir., 1930, 44 F.2d 928, 931, certiorari denied 283 U.S. 829, 51 S. Ct. 353, 75 L.Ed. 1442, "As a general rule an employee is deemed to be in the course of his employment while going to or from his place of work by the only practicable route of immediate ingress and egress." Citing Cudahy Packing Co. v. Parramore, 1923, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 532; Erie Railroad Co. v. Winfield, 1917, 244 U.S. 170, 37 S.Ct. 556, 61 L.Ed. 1057, Ann.Cas.1918B, 662; 18 R.C.L. 584. Also see Lamm v. Silver Falls Timber Co., 1930, 133 Or. 468, 277 P. 91, 286 P. 527, 291 P. 375; Roxana Petroleum Co. v. State Ind. Comm., 1928, 134 Okl. 181, 272 P. 847; Carlin v. Coxe Bros. & Co., 1922, 273 Pa. 38, 117 A. 405.

Lamm v. Silver Falls Timber Co., supra, is a full and well reasoned case, containing an excellent summation of the principles involved in the present case, and containing a good review of pertinent cases. In that case the court concluded that an injury received in travelling on a company logging train on the way to work at a logging camp was compensable, even though the employee's labor was not to begin for some hours after the time of his injury.

In the present case the decedent was going to work in the sense that he was going to his place of work, though his toil would not begin for some hours. The test on this lapse of time is set out in the opinion in the Cudahy Packing case, supra, 263 U.S. at page 426, 44 S.Ct. at page 155, 68 L.Ed. 366, 30 A.L.R. 532, as follows: "We attach no importance to the fact that the accident happened a few minutes before the time Parramore was to begin work, and was therefore, to that extent, outside the specified hours of employment. The employment contemplated his entry upon and departure from the premises as much as it contemplated his working there, and must include a reasonable interval of time for that purpose."

What constitutes "a reasonable interval of time" for the purpose of entry upon the premises must depend on circumstances, and where lodging is provided on the premises, it seems that entry upon premises on the evening prior to work would only be reasonable under the circumstances.

On this last ground, considering all of the circumstances, it is a reasonable conclusion that the accidental death of Bryant M. Williams was in the course of his employment.

**364**

This conclusion is supported by the liberal principles applicable to cases under this Compensation Act.

"The Act, like other workmen's compensation laws, is liberally construed, and where there is doubt it should be resolved in favor of the injured employee or his family. Moreover, the Act provides that in any proceeding for the enforcement of a claim 'it shall be presumed, in the absence of substantial evidence to the contrary—(a) That the claim comes within the provisions of this chapter. * * *'" Southern Pac. Co. v. Sheppeard, supra [112 F.2d 148].

By reason of his further services in the preparation and trial of this case in this court, the attorney for Mrs. W. D. Williams will be allowed a fee of one hundred fifty ($150) dollars in addition to that allowed by the deputy commissioner. See Title 33 U.S.C. § 928 (a), 33 U.S.C.A. § 928 (a).

An order in accordance with this opinion will be entered.