### DAVIS v. BENNETT.

### No. 8135.

United States District Court
W. D. Missouri, W. D.

Sept. 5, 1953.

Carl L. Anderson and R. A. Kelpe, Kansas City, Mo., for plaintiff.

Langworthy, Matz & Linde, Clyde J. Linde, Billy S. Sparks, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The defendant has filed a motion for a summary judgment on the sole ground that the claim alleged by the plaintiff in his complaint is one arising under the Workmen's Compensation Laws of Missouri, V. A.M.S. § 287.010 et seq., and that, perforce such laws, the plaintiff is not entitled to recover in this common-law action. The action is for an alleged assault and battery. Clearly such an action exists at common law so that the only question is, whether, upon the facts presented in defendant's motion, the injuries alleged to have been sustained by plaintiff were inflicted in the course of his employment. Whether there was an assault and battery (disputed by the defendant) is an issuable fact for determination by a jury if this proceeding should be upheld.

According to the testimony of the plaintiff, as evidenced by his deposition, he was a truck driver for the defendant in the gathering of garbage from residences and other places in Kansas City, Missouri. While on duty in a section of the city another employee, under the instructions of defendant, took over his truck and upon telephonic conversation with the defendant

the plaintiff was informed that he was discharged. He then suggested that he ought to have a check for work already performed, and was advised that the check would be delivered at a later date. He returned to the offices of the defendant for his clothes and incidently talked to the defendant about delivery of check for work done. He was again informed that a check would not be delivered until the following Saturday. The plaintiff then testified that due to the menacing attitude of the defendant he started to leave the premises, whereupon he was assaulted by the defendant.

Under such circumstances he was not performing any service as a truck driver and there was no controversy between him and defendant about his compensation. He had accepted the proposal of the defendant and was departing when he says he was assaulted.

The case cited by the defendant aptly sets forth the law under such circumstances. It is the case of Aetna Life Ins. Co. v. Windham, 5 Cir., 53 F.2d 984, 985. Able Judge Hutcheson said in that case that "appellee's injuries were inflicted upon him while on the employer's premises, clothed in the employer's uniform, with the employer's keys still in his pocket." And, later, 53 F.2d loc. cit. 985, Judge Hutcheson said:

"Though of course an injury is not compensable unless it results from a risk or hazard incident to the conduct of such work or business, it is uniformly held that those risks and hazards are incident to the business which arise in the course of it, and out of or in connection with its activities, even though the hazards are themselves unusual and not normally to be expected."

This case was cited with approval in General Accident, Fire & Life Assur. Corp. v. Crowell, 5 Cir., 76 F.2d 341, 342, where the same court commented as follows:

"In Aetna Life Ins. Co. v. Windham [5 Cir.], 53 F.2d 984, we affirmed a judgment granting compensation to an employee, injured while tussling with the manager of a building who had discharged him, and who was scuffling with him in an endeavor to make him accept the wages tendered and sign a receipt for them."

Nothing of the kind occurred in this case according to the plaintiff. There was no dispute or controversy, nothing was being done in connection with defendant's business. On the contrary, the employee had accepted the terms laid down by the defendant and was departing after his complete discharge. The plaintiff's work, so to speak, was in the field, that is, out in the city as a truck driver and he had no duties whatsoever at the place where he says he was assaulted.

The motion for a summary judgment should be and will be overruled.