Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of KATHERINE ANTHUS, Respondent, for Compensation under the Workmen's Compensation Law on Behalf of Herself and Infant Son for the Death of PAUL ANTHUS, *v.* THE RAIL JOINT COMPANY, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 10, 1920.

Workmen's Compensation Law — principal and agent — admissions by clerk of corporation as to cause of accident — admission based on hearsay — award affirmed.

A corporation which has empowered one of its clerks to report accidents to employees is bound by an admission contained in a report which was signed by said clerk in the name of the superintendent of the corporation.

Such admission as to the cause of the accident to the employee is binding upon the corporation, although the basis of the report was the declarations of the employee, for an admission of a party out of court is admissible as an exception to the hearsay rule and its competency or relevancy cannot be affected by the question whether the party making it had personal knowledge or merely information as to the facts admitted.

Award made by the Industrial Commission to the dependents of a decedent, who developed blood poisoning by injuring his foot while moving iron bars, affirmed.

APPEAL by the defendants, The Rail Joint Company and another, from decisions and awards of the State Industrial Commission, made on the 16th and 20th days of March, 1920, and on the 10th day of May, 1920, and entered in the office of said Commission.

*Clarence B. Tippclt,* for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

The deceased employee died as the result of an infection received through an opening in his right foot which was caused by a traumatic injury. On the day when he last worked for

his employer he was engaged with an iron bar in moving steel billets in a railway car. It is claimed that he received the injury which caused the infection by the falling of the bar or a billet upon his foot. In support of the claim a statement made in the employer's first report of injury is urged, which reads as follows: " Describe in full how the accident occurred: Unloading billets in yard and one of the billets scratched his foot. He had the doctor on Sunday Dec. 14th, and reported the accident on Monday the 15th. Doctor found blood poisoning and had man sent to the Troy Hospital." The report is subscribed as follows: " Rail Joint Company. Signed W. J. Bradley, Official Title: Superintendent." The subscription was not made in the handwriting of W. J. Bradley, but was in fact written by Mary B. Brody, a clerk and stenographer in the employment of the Rail Joint Company. She testified as follows: " Q. Have you charge of reporting all accidents sustained by employees of the company? A. Yes, sir. Q. Did you make out the accident report in this case to which I refer you? A. Yes, sir. Q. That is signed by W. J. Bradley; is that Mr. Bradley's signature? A. No, that is my signature. Q. Therefore, Mr. Bradley had no knowledge of this report? A. No, sir." Her assertion that she had charge of reporting all accidents was not contradicted by any officer of the company. The statement which Miss Brody gave must, therefore, be regarded as an admission of a fact of liability made by the employer itself through an authorized agent. It cannot matter that the bases of her statement were the declarations of the deceased. Since an admission of a party made out of court is in itself hearsay, receivable in evidence under a definitely recognized exception to the hearsay rule, its competency or relevancy cannot be affected by the question whether the party making it had personal knowledge or merely information as to the fact admitted. In other words, the law does not distinguish for the purposes of admissibility and relevancy between hearsay statements based on knowledge and hearsay statements based on other hearsay. In this case, therefore, we have common-law evidence of the occurrence of an accident in the course of an employment which arose therefrom, and are not compelled to rely solely upon the statements of the deceased

person himself as to the cause of his injury. We think, therefore, that the Commission was justified in making the award.

The award should be affirmed.

Award unanimously affirmed.