In the Matter of the Claim of ALBERT LANNI and Another, Respond-
    ents, against AMSTERDAM BUILDING COMPANY and Another,
    Appellants.
                STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 2, 1926.

Workmen's compensation — accidental injury arising out of and in course
    of employment — decedent, night watchman, was found murdered
    on employer's premises — robbery was apparent motive — injury arose
    out of and in course of employment — dependency — evidence does
    not show that money paid by decedent to son's wife to help support
    son's children was his own money — fact that children might become
    dependent does not satisfy Workmen's Compensation Law, § 16, subd. 4.

The decedent, a night watchman, was found dead, about seven A. M., on his
    employer's premises.   The evidence shows that he was murdered, and in view of
    the fact that his wages, which he had collected the night before, were not on the
    body, that the motive of the murder was robbery.   The injury, resulting in the
    decedent's death, was accidental, and arose out of and in the course of his
    employment, which involved the receiving of wages and the consequent increase
    of risk of robbery; his employment placed him alone on the premises with his
    wages in his pocket, thus furnishing an opportunity for robbery without
    interference, a risk beyond the common risk.
The fact that the decedent had paid money to his son's wife to help support his
    son's children, does not show that the children were dependent on the decedent,
    since it does not appear that the decedent paid over his own money and since
    there is evidence that the money so paid over to the son's wife belonged to
    the son.
The fact that the children of the son might become dependent upon the decedent
    does not satisfy the requirements of subdivision 4 of section 16 of the Workmen's
    Compensation Law, so as to entitle them to an award for death benefits.

APPEAL by Amsterdam Building Company and another from an award of the State Industrial Board, made on the 3d day of June, 1925.

*John P. Smith,* for the appellants.

*Albert Ottinger, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

VAN KIRK, J. The first objection to the award is that there is no evidence that claimants' intestate met his death as the result of an accidental injury which arose out of and in the course of his employment. The deceased was a night watchman. He had received his wages about five o'clock in the afternoon and that was the last he was seen alive. He was found the next morning, February 28, 1925, about seven o'clock, dead, on his employer's premises, where he was watchman. He was then lying on his side upon some rags placed in or over a box made up like a bed; his shoes were off; his face and head were sadly mutilated, evidently with a hatchet, and it is conceded that he was murdered. The assault was undoubtedly sudden and unlooked for. He suffered without doubt an accidental injury. The employer's report admits that this injury was received while he was engaged in his regular occupation. This answers appellants' main contention that, at the time the intestate received his injury, he had stepped out of, or abandoned, his employment. The appellants say in their brief that the only fair inference is that " he was murdered by one who sought to rob him." We think this conclusion is justified. The motive seems to have been robbery; he did not have his wages or other money on his person when he was found in the morning. A person who would be tempted to rob him would be some one who knew he had been paid his wages and probably had them on his person We think the injury arose out of his employment, which involved the receiving of wages and the consequent increase of risk of robbery; his employment placed him alone on the premises with his wages in his pocket, thus furnishing an opportunity for robbery without interference — a risk beyond the common risk. (*Rosmuth* v. *American Radiator Co.,* 201 App. Div. 207.)

The second objection is to the proof of dependency. The deceased was the grandfather of the claimants, the children of his son Dominick. Dominick had supported his wife and children until September, 1924, when on account of sickness, he was compelled to stop working and since then has not been able to earn wages. He has been living with his father, apart from his wife and children. It is undisputed that since October 1, 1924, the deceased has sent five dollars a week to the mother of claimants. This mother was earning fifteen dollars a week and was in need of the five dollars. But the difficulty is that the evidence does not show whose money it was that the grandfather was paying her. The grandfather was

earning twenty dollars a week, was paying twenty dollars a month for rent, and was supporting himself and his son.   In one place the son says that his father paid his medical expenses and in another that he did not.   Be this as it may, he testifies that, from September to the time his father died, it would require about three hundred dollars to support him and his father; this with the rent would practically exhaust his father's earnings.   Then the son testifies that in October he turned over to his father, the deceased, about one hundred and fifty dollars, and said: " You better start giving some money to my wife for the kiddies for support."   This would more than pay the five dollars per week from October 1, 1924, to February 25, 1925.   The wife testifies that the grandfather told her it w.. 3 his own money which he was giving her, but this is hearsay.   I can find no evidence in the record from which one can fairly infer that the money paid to the wife belonged to her father-in-law rather than to her husband.   There is plenty of evidence to show that these children were needy and must be dependent upon some one other than their mother for support; and, when the one hundred and fifty dollars deposited by the father was exhausted, there perhaps would be no relative on whom they could depend, if not on the deceased; but there is no evidence that, at the time of his death, they were dependent upon the deceased and this must be shown to entitle them to an award for death benefits.   (Workmen's Compensation Law, § 16, subd. 4.)

The award should be reversed and the claim remitted.

All concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.