In the Matter of the Claim of RALPH CRACIOLA, Respondent, against HENRY T. LEWIS and Others, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 18, 1931.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants Lewis and others.

*Bailey, Ryan & Agan* [*Lewis C. Ryan* of counsel], for the appellant employer.

*John J. Bennett, Jr.,* Attorney-General [*Joseph A. McLaughlin, Assistant Attorney-General, Ruth Warters* and *Isaac Frank* of counsel], for the respondents.

VAN KIRK, P. J. The business being carried on when claimant received his injuries was " pea business." The employers were accustomed to hire women, who were allowed to bring their young children with them. Otherwise they could not leave their homes and remain away for the picking season. They did in fact bring children of tender years, who needed the mother's care and attention. The claimant was six years of age. With the other children he was accustomed to play about in the fields where his mother was working. Sometimes a young child would pick peas and put them in the mother's basket. This child did. Such work was only occasional and for brief periods; it was done voluntarily at the

wish of the child or its mother. The child was never employed and was never paid any wages. Before the accident the child had been playing with other children and then had crept under a pile of pea vines, lain down and gone to sleep. A man with a truck was gathering up the baskets filled with peas and the wheel of the truck struck the child, causing the facial disfigurement for which the award has been made.

The question in this case is the force and effect of admissions or statements in the employer's report. Without the aid of these there is no evidence to sustain the award.

The statute (Workmen's Comp. Law, § 110, as amd. by Laws of 1928, chap. 754) requires reports to be made in writing " upon blanks to be procured from the Commissioner for that purpose. Such report shall state the name and nature of the business of the employer, the location of his establishment or place of work, the name, address and occupation of the injured employee, the time, nature and cause of the injury and such other information as may be required by the Commissioner." Such report having been made, is a part of the record in the case made for the purpose of informing the Industrial Board as to the facts therein recited. Whether made made by the employer or by his authorized agent, the employer is bound by the admission made in the report, whether the party making it had personal knowledge or merely information as to the facts admitted. The statements or admissions are competent common-law evidence and are to be considered by the Board in passing upon the facts which must be found in order to establish liability; they may be sufficient in themselves to justify a finding of liability. (*Anthus* v. *Rail Joint Co.*, 193 App. Div. 571; affd., 231 N. Y. 557; *Matter of Lanni* v. *Amsterdam Building Co.*, 217 App. Div. 278.) The admissions so made may be of fact or of law or of mixed fact and law.

The required form of employer's report is in questions to which answers are to be made. In the case before us the report contains among others the following questions and answers (the numbering is ours):

1. Employer? A. Lewis, Holbert, Howlett.
2. Nature of business? A. Pea business.
3. What was injured person's regular occupation? A. Pea picker.
4. Was he injured in regular occupation? A. Yes. .
5. Describe fully how injury occurred? A. Ran over by car on on pea field.

Admissions Nos. 1 and 2 are that the owners were the employers. Usually the hiring of the claimant is not in dispute and these answers would be considered as admissions that the owner was

the employer of the claimant, a hiring being presupposed; but in the instant case such admission is in conflict with the undisputed evidence and must be construed to be simply that the owners were the employers in the pea business. In a case for instance where the evidence is that the claimant was an independent contractor, like admissions in the report would be, and have been, construed to be conclusions of law. An independent contractor is not an employee within the meaning of the Workmen's Compensation Law.

Admission No. 4 may present simply a question of law, or a mixed question of law and fact. Where the undisputed evidence is that there was not the relation of employer and employee between the injured person and the owner, the statement that the claimant was " injured in regular occupation " would not justify the Board in finding this to be an admission that the child was an employee. Taken alone occupation means the business being carried on. (Workmen's Comp. Law, § 2, subd. 5.) At most the admissions here are that claimant was injured in the regular occupation or business there being carried on. Nor are these admissions that the injuries sustained arose out of the employment. (*Matter of Jakeway* v. *Bauer Co.*, 218 App. Div. 302, 305.)

The answer to question No. 5 in a report may contain admissions showing that the accidental injuries arose out of and in the course of the employment. (*Anthus Case, supra.*) In the present case the answer to this question is, " Ran over by car on pea field." It does not disclose what the child was doing when it was run over, or any of the attendant circumstances. Together with the other answers it would be a fair inference that the child, when injured, was in the pea field where the owners were carrying on their regular business. But it does not justify a finding that, at the time the child was injured, it was doing anything in connection with this business or incidental thereto, or that his injuries arose out of the employment.

We, therefore, do not think that the admissions in the employer's report furnished any evidence which could justify an award in this case. There is no evidence that this child was ever employed, nor did he receive any wages or gratuity. (*Ferro* v. *Sinsheimer Estate, Inc.*, 256 N. Y. 398.) Nor is there evidence that the injuries sustained arose out of the employment. When sleeping under the pile of pea vines the child was doing nothing in the interest of the owner, nor was the act of going to sleep under the pea vines incidental to any employment. It was an act of his own; it was not authorized or induced by the employer. (*Matter of Gifford* v. *Patterson, Inc.*, 222 N. Y. 4.)

There is no evidence justifying a finding that at the time the

claimant sustained his injuries he " was working in violation of section 130 of the Labor Law █ of the State of New York."

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.