In the Matter of the Claim of COMMISSIONER OF TAXATION AND FINANCE on Account of the Death of EDWARD BROWN, Respondent, against OCEANIC SERVICE CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Watchman on a pier disappeared. His body was found, some days later, washed upon the shore about 200 feet from the pier. He left the pier with a companion; went to a saloon and lunch room, ordered lunch to be made up for him to carry out. While with his companion he had several intoxicating drinks. He then returned, with his companion, to the vicinity of the pier. When he left his companion he started toward the pier, and said that he was going back to work. The Board was justified in drawing the inference that his death occurred in the course of and arose out of the employment. Award affirmed, with costs to the State Industrial Board. Hill, P. J., McNamee, Crapser and Bliss, JJ., concur; Rhodes, J., dissents, and votes to reverse the award and to dismiss the claim.

In the Matter of the Claim of SAMUEL GROSSBERG, Respondent, against THE H. & H. TAXI CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board to claimant. Claimant was employed as a taxi driver by the employer, said employer being engaged in operating taxicabs. While in the employer's garage waiting to be assigned to a taxicab, a fellow employee accused claimant of being a " chiseler " and assaulted claimant, whereby the injuries involved were sustained. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of HOWARD S. MOONEY, Respondent, against GERHARD LANG BREWERY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award to the claimant. It is the contention of the appellant that the record does not contain facts sufficient to sustain a finding of an accidental injury received in the course of the employment. On or about March 16, 1936, while engaged in his regular occupation, and while loading wooden blocks onto a truck, a sliver of wood penetrated the left wrist of the claimant, causing an infection of the left wrist which resulted in the disability for which the award herein was made. The evidence sustains the award as to an accidental injury arising out of and in the course of his employment. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of JAMES P. BURNS, Appellant, against DRAYCOTT MILLS, INC., and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent. — Claimant's injury, is not questioned. Compensation has been paid from July 27, 1933, the day following the injury, to May 25, 1934. The Board has found that no disability existed after May 25, 1934. The evidence sustains the finding, Decision unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee. Crapser and Bliss, JJ.