HELEN M. DAVID, as Limited Administratrix, etc., of JEAN A. DAVID, Deceased, Respondent, v. McKESSON & ROBBINS, INC., Appellant, and RAYMOND L. LEFCOURT, Defendant.— Action to recover for the wrongful death of plaintiff's intestate, a four-year-old boy, alleged to have been caused by poisonous material in a package of appellant's product. Judgment in favor of plaintiff affirmed, with costs. No opinion. Hagarty, Carswell, Davis and Johnston, JJ., concur; Adel, J., dissents and votes to reverse and to dismiss the complaint, with the following memorandum: (1) The proof does not exclude the reasonable possibility that the substance analyzed was not similar to that taken by plaintiff's intestate. The can purporting to contain sodium bicarbonate was opened on May fifteenth. On June fifth a substance in an envelope was analyzed and found to contain sodium fluoride. Plaintiff testified that in the intervening twenty-one days the can was out of her possession for about two-thirds of the time. About a week after the can was first opened plaintiff opened the can again. She said the can was not then taken from her possession; and that some weeks later she went to the place where it was then located, either at the police station or at the medical examiner's office, took a sample of the contents of the can in an envelope, and took the sample to a chemist to be analyzed. After plaintiff had thus testified, one of plaintiff's witnesses testified that he took a sample out of the can on May sixteenth while it was at plaintiff's house. (This was another opening of the can, apparently not within plaintiff's knowledge.) Plaintiff then took the stand again and testified that she had taken the sample in the envelope at her house before she surrendered possession of the can, not some time later, as she had previously testified. Accepting either version of plaintiff's testimony, it appears that the evidence, so far as it is circumstantial, does not exclude reasonable inferences other than that of appellant's negligence; and does not exclude reasonable possibilities that sodium fluoride got into the can after one of the various times it was opened or while it was out of plaintiff's possession. (Bourcheix v. Willow Brook Dairy, Inc., 268 N. Y. 1, 6, 7.) (2) The finding that the death of plaintiff's intestate was caused by sodium fluoride is against the weight of the evidence. The boy was moody, peevish and lacked his usual animation for several hours; then he became nauseated and vomited. These symptoms appeared before he was given any of the contents

of the can of bicarbonate. Further, the findings of all the analytical departments — the autopsical, the toxicological and the chemical — were negative as to the presence of sodium fluoride. In any event, it was error warranting reversal and a new trial for the trial court, in response to a request to instruct the jury " on the subject," to charge that the failure of appellant to call its treasurer as a witness entitled the jury to infer that his testimony would be detrimental to its case.