In the Matter of the Claim of Mrs. GLENN D. BOLLARD, Respondent, against LOUIS ENGEL, JR., Employer, Appellant, and STATE INSURANCE FUND, Insurance Carrier.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 11, 1938.

*R. K. Humphrey* [*James O. Moore* of counsel], for the appellant.

*Noel S. Symons*, for the claimant, respondent.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum, Assistant Attorney-General*, of counsel], for the respondent State Industrial Board.

HEFFERNAN, J. Appellant seeks to have annulled an award of the State Industrial Board in favor of the widow and minor son of Glenn D. Bollard, deceased employee.

The State Industrial Board determined that Bollard came to his death through accidental means while he was in the employ of appellant. It is the contention of the latter that the award cannot be sustained because it has not been shown that Bollard's death was produced by causes arising out of and in the course of his employment. The expression " arising out of and in the course of the employment " has been a prolific source of judicial decisions and has produced a variety of conflicting conclusions. From their number it is possible to cite authorities on either side of almost any question in dispute. The authorities on the subject are far from harmonious. Later cases repudiate earlier ones with the result that the whole subject is confused. No court can, with any degree of certainty, do more than decide whether a particular case upon particular facts is or is not within the meaning of the phrase. Precedents are of little value because the facts are practically always distinguishable. No fixed boundary can be erected dividing the cases that are within the statute from those that are without.

Deceased was one of a number of automobile salesmen employed by appellant in the city of Buffalo. He had no regular hours or place of employment. He frequently worked nights at his employer's store which remained open until ten o'clock in the evening. His work, however, was not confined to the store. His duties required him to interview prospective customers at any place.

On December 7, 1933, deceased worked at his employer's place of business. At about five-thirty in the afternoon he left the office and stepped across the street to a restaurant to obtain a quick supper. While crossing the street for the purpose of returning to his employer's premises he was struck by an automobile and was fatally injured.

It was the practice of the employer to so arrange his schedule that three salesmen were on duty at the show room at all times. Decedent was detailed for floor service on the afternoon of the day of the accident. It was the custom, however, for salesmen other than those detailed for floor service to remain in the show room in order to meet customers or to keep appointments. On the afternoon of the accident decedent had assisted in setting up a motion picture machine which was to be used that evening in displaying pictures to attract people to the employer's premises. There is evidence in the record which permits the inference that deceased had an appointment with a customer at the store on

that occasion. At about five-thirty in the afternoon deceased phoned his wife that because of an appointment he would not be home for dinner and that he would go to a restaurant across the street and "get a bite to eat." Undoubtedly the purpose of deceased in taking lunch near his place of business instead of going to his home for dinner was to conserve his time so that he might keep his appointments. Certainly this was for his employer's benefit. The evidence also clearly establishes that deceased had an appointment to meet a Mrs. Kiel, one of the employer's patrons, that evening. Mrs. Kiel had purchased a Plymouth car from appellant at the solicitation of the deceased. On the afternoon of the accident she telephoned deceased that there was difficulty with the hydraulic brakes on the car and he assured her that he would call at her home that evening for the purpose of remedying the defect.

In his first report of injury dated January 10, 1934, appellant admitted that deceased was injured in his regular occupation. This report was signed not by an employee of appellant but by himself and was made after he had ample time to investigate the facts and circumstances in connection with the accident which caused the death of his employee. In connection with the other evidence in the case this admission is sufficient to justify the award of the State Industrial Board. (*Anthus* v. *Rail Joint Company*, 193 App. Div. 571; affd., 231 N. Y. 557; *Matter of Craciola* v. *Lewis*, 233 App. Div. 437; *Matter of Harvey* v. *Bakers and Consumers Compressed Yeast Co.*, 244 id. 838; *Matter of Wickes* v. *Village of Gilbertsville*, 245 id. 878; *Matter of Van Herpe* v. *Roman Catholic Home of the Good Shepherd, etc.*, 248 id. 654.) It is true that on June 1, 1934, almost seven months after the accident the employer filed a further report in which he attempted to retract this admission. The original report, however, was competent as an admission against interest and its force was not destroyed by its subsequent repudiation. (*Vermeule* v. *City of Corning*, 186 App. Div. 206; affd., 230 N. Y. 585.)

Appellant strenuously urges that the accident which caused the death of deceased did not arise out of and in the course of his employment. These words should be given a broad and liberal construction in conformity to the humanitarian purpose of the statute. It is true that the lunch hour is part of the time which the employee devotes to a purpose ancillary to his work. In order that a workman may continue to render service it is essential that he should eat. The mere fact that he is not paid for that particular time and that while eating he is not engaged in the main purpose of his work does not justify us in holding as a matter of law that he ceases to be in the service of his employer. Such acts as are

necessary to the health, comfort and convenience of the employee, while at work, though strictly personal to himself, and not acts of service and only remotely and indirectly conducive to the object of the employment, are incidental to the service. While a workman is eating it is true that he ministers unto himself but in a remote sense this act contributes to the furtherance of the work of the employer. It would be taking too technical a view of the law to say that a pause in the actual course of his work by an employee for the purpose of eating is a break in his employment from the time he stops work to the time when he begins again. We must take a broader view and treat the employee as continuing in the employment. We have not overlooked the fact that apparently some earlier cases on the subject held a contrary view. These authorities however are not in accord with present day thought. We think that the State Industrial Board properly found that deceased was in the course of his employment at the time he sustained the fatal injury. (*Matter of Norris* v. *N. Y. Central R. R. Co.*, 246 N. Y. 307; *North Carolina R. R. Co.* v. *Zachary*, 232 U. S. 248; *Matter of Commissioner of Taxation and Finance* v. *Oceanic Service Corp.*, 250 App. Div. 804; affd., 275 N. Y. 562; *Matter of State Commissioner of Taxation and Finance* v. *Grain Handling Corp.*, 248 App. Div. 660; affd., 272 N. Y. 548; *Matter of Martino* v. *Blue Ridge Coal Co.*, 248 App. Div. 660; *Sztorc* v. *Stansbury, Inc.*, 189 id. 388; *Matter of Lehrbaum* v. *United Cigar Stores Co. of America*, 238 id. 751; motion to appeal to Court of Appeals denied by that court.)

The award should be affirmed, with costs to the State Industrial Board.

HILL, P. J., concurs; RHODES and BLISS, JJ., concur in the result; CRAPSER, J., dissents, and votes to reverse the award and to dismiss the claim.

Award affirmed, with costs to the State Industrial Board.