LYNOTT JORDAN, as Administrator, etc., of SYLVIA JORDAN, Deceased, Appellant, Respondent, *v.* LUKAS SMYK, Respondent, Appellant.

Third Department, July 2, 1941.

*Angell & Fitzgerald* [*H. K. Angell* of counsel], for the plaintiff.

*Lee, O'Brien & Kramer* [*Donald W. Kramer* of counsel], for the defendant.

SCHENCK, J. This is an appeal by the plaintiff from portions of an order of the trial justice entered in the office of the clerk of Cortland county, which granted defendant's motion to set aside a verdict of the jury and for a new trial, solely upon the ground that the verdict was excessive, unless within twenty days after the service of a copy of said order with notice of entry, the plaintiff stipulated to reduce the verdict to the sum of $1,700, in which event the motion was denied.

The defendant has filed a cross-appeal from the portions of said order which denied the defendant's motion for a nonsuit, for the dismissal of the complaint, and for a directed verdict, and which denied the defendant's motion for a new trial.

Defendant's cross-appeal may be readily disposed of. The action is brought in negligence. The evidence was submitted to the jury, which rendered a verdict of $5,700 in favor of the plaintiff. Plaintiff's attorneys have stipulated that the verdict be reduced to the sum of $5,000, that being the amount demanded in plaintiff's complaint.

The action is brought to recover pecuniary damages for the death of plaintiff's infant daughter as the result of an accident which occurred on January 24, 1940, at about five o'clock in the afternoon in the town of Taylor, Cortland county. No claim for conscious pain and suffering has been made. Plaintiff's intestate, a child four years and ten months of age, sustained injuries which caused her death when struck by an automobile owned and operated by the defendant. The accident occurred approximately in front of the home of plaintiff's intestate. The highway at that point is of macadam construction, twelve feet to fourteen feet in width, and runs generally north and south. The house is on the west side of the highway and located on ground somewhat higher than the surface of the macadam. South of the house is a driveway ten feet wide running easterly to the highway. There is evidence that plaintiff's intestate was coasting down this driveway toward the highway, which was slippery. Defendant's car, which was traveling at a speed of fifteen to twenty miles an hour, collided with the sled on which plaintiff's intestate was coasting, causing injuries from which she died within an hour. No signal was given by defendant by horn or otherwise. Apparently, when defendant saw the child he turned his car to the left, and there is evidence that after the accident, the child was lying several feet east of the east edge of the macadam, together with small bits of the sled.

From the foregoing brief statement it is obvious that a question of fact was presented and was properly submitted to the jury, and that defendant's cross-appeal must be dismissed. While

defendant maintains that certain conversation was improperly admitted, I find no reversible error either in the admission of evidence or in the charge.

Taking up the plaintiff's appeal, which is solely from the portions of the order of the trial justice reducing the verdict. As heretofore stated, the age of the child at the time of her death was approximately four years and ten months. She was the youngest of a family consisting of a father, mother, two adult sons and six minor children, four of whom were living at home at the time of the accident. There is evidence that plaintiff's intestate was a normal child, in good health, and had never had any serious illness.

We may not hold that the verdict of the jury is excessive. True, it must be reduced to $5,000, that being the amount demanded in the complaint, and plaintiff's attorney has already stipulated to such reduction. The well-established rule is that the trial court should not usurp the functions of the jury in fixing the amount of damages in a negligence case, unless the verdict is capricious or the result of passion, prejudice or sympathy. In estimating the pecuniary value of this child, the jury was required to use common sense and to take into consideration all probable and possible benefits which might have resulted had the child lived. (*Birkett* v. *Knickerbocker Ice Co.*, 110 N. Y. 504; *Wilkinson* v. *Boehm*, 231 App. Div. 295.)

The plaintiff here proved all facts and circumstances within his power bearing upon the question of damages. The child was the daughter of a market farmer and the family lived on a farm. The children who remained at home assisted in the operation of the farm, thus dispensing with the hiring of farm labor. In the circumstances, a verdict of $5,000 cannot be held to be excessive. This court recently allowed a verdict of $8,000 in a negligence action which resulted in the death of a child three years of age. The jury had rendered a verdict of $10,000 for damages, which was reduced by a divided court to $8,000, two members of the court dissenting and voting to affirm the full amount of the verdict rendered by the jury. (*Nichols* v. *Socony-Vacuum Oil Co., Inc.*, 261 App. Div. 1118.)

In *Owens* v. *National Magnesia Co., Inc.* (232 App. Div. 692) a verdict of $10,700 for the death of a child three years and nine months of age was sustained. Again, in *O' Neill* v. *City of Port Jervis* (233 App. Div. 851) the court unanimously affirmed a verdict of $7,500 for the death of an infant twenty-two months and eighteen days old. Likewise, in *Keer* v. *Children's Aid Society* (252 App. Div. 874) a verdict of $8,800 for a child three years of age was affirmed. Again, in *David* v. *McKesson & Robbins, Inc.* (253 App.

Div. 728; affd., 278 N. Y. 622), the jury rendered a verdict of $9,000, with interest thereon from the date of death, which amounted to $2,076. None of these verdicts included any amount for conscious pain and suffering.

" Interference with this verdict would only mean the substitution of the judgment of this court for that of the jury." (*Morris* v. *International R. Co.*, 174 App. Div. 61.)

This was a unanimous verdict and twelve reasonable and prudent persons have decided in their discretion and judgment the amount of compensation that should be paid by reason of this child's death. They heard the testimony, they had an opportunity to observe the witnesses on the stand, and it must be assumed that they performed their duty and arrived at a verdict as the result of honest consideration, and were not swayed by sympathy, passion or prejudice.

In the circumstances, the order of the trial justice must be reversed and the verdict reinstated in the sum of $5,000, that being the amount demanded in the complaint.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order reversed on the law and facts, with costs to appellant, and verdict of the jury reinstated in the sum of $5,000.

The court directs the entry of judgment accordingly in favor of the plaintiff and against the defendant for the sum of $5,000.