THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER J. MARKS, Appellant, against JOSEPH H. BROPHY, as Warden of Auburn State Prison, Respondent.— Relator has appealed from an order of the Albany Special Term of the Supreme Court dismissing a writ of habeas corpus. He was convicted of forgery, second degree, as a third offense, on December 12, 1930, and was given a definite sentence of ten years. He was paroled on August 26, 1935. During the month of March, 1939, at a term of the United States District Court of Tennessee he was indicted on two counts for violating sections 338 and 88 of title 18 of the United States Code (U. S. Criminal Code, §§ 215, 37). The gravamen of the crimes charged was forgery, alleged to have been committed in the State of New York and transmitted by letter through the United States mail. On May 5, 1939, relator pleaded guilty to both counts and was sentenced to two years on each count, the time to run concurrently. In addition, he was fined $750 on each count. His sole contention on this appeal is that the crimes to which he pleaded guilty are not felonies under the laws of the State of New York. Decision affirmed on the authority of People v. Fury (279 N. Y. 433). All concur. [See post, p. 1010.]

HARRY KIMBALL, Respondent, v. ABRAM V. LOUER, as Trustee of SCHENECTADY RAILWAY COMPANY, Appellant, et al., Defendants.— This is an appeal by defendant Louer from a judgment against him, as trustee of Schenectady Railway Company, for damages in the amount of $25,000, together with interest and costs, and from an order denying defendant-appellant's motion for a new trial. The action is in negligence, plaintiff's injuries having been received in a collision between a bus of the railway company and an automobile in which plaintiff was riding as a passenger. The sole question here is whether damages in the amount of $25,000 rendered by the jury's verdict are excessive. The evidence indicates that plaintiff was seriously injured, which injuries nearly resulted in his death and among other things required the removal of his spleen. We cannot find that the verdict is grossly excessive or was the result of passion or prejudice. We have held that the court " should not usurp the functions of the jury in fixing the amount of damages in a negligence case, unless the verdict is capricious or the result of passion, prejudice or sympathy " (Jordan v. Smyk, 262 App. Div. 414), and the judgment in this case should not be disturbed. Judgment and order affirmed, with costs. All concur.