## LOPOCZYK v. CHESTER A. POLING, Inc.

District Court, S. D. New York.

Jan. 29, 1945.

Purdy & Lamb, of New York City (Edmund F. Lamb and Thomas J. Irving, both of New York City, of counsel), for plaintiff.

Alexander & Ash, of New York City (Joseph M. Meehan and Sidney A. Schwartz, both of New York City, of counsel), for defendant.

KENNEDY, District Judge.

This is a motion to set aside a verdict in the amount of $7500. The action was based upon the Jones Act, 41 Stat. 1007, 46 U.S.C.A. § 688.

The motion to set aside is based upon two grounds: (1) That the verdict was excessive and (2) that it was error to receive in evidence an entry from the log of the vessel describing the accident. These grounds will be dealt with in the same order as they are here stated.

Defendant's contention that the verdict is excessive is based upon a number of reported cases. There have been cases where the injuries were somewhat similar to those in the case at bar and verdicts in the amount of $5000 were affirmed. Cf. Walldorf v. Central Greyhound Lines, Inc., 280 N.Y. 725, 21 N.E.2d 214. In one of the cases cited by the defendant, Appleton v. Nye, 243 App.Div. 852, 278 N.Y.S. 1012, where again the injuries were somewhat similar to those under consideration, a $10,-000 verdict was reduced to $6000. In the recent case of Herring v. Luckenbach S. S. Co., Inc., 2 Cir., 137 F.2d 598, Judge Knox granted a motion to set aside a verdict of $7500 unless the plaintiff consented to a reduction of the verdict to $4000. It is arguable that the injuries disclosed by the bill of particulars in that case were at least as serious as those in the case at bar. The jury could have found and doubtless did find in this case that the plaintiff sustained damage to his ear drum, concussion of the brain, fracture of the skull, fracture of the nose and a permanent brain injury.

**840**

Plaintiff was incapacitated for five and one half months and his special damages amounted to $900.

 It is familiar learning that the Court should not set aside a verdict on the ground that it is excessive unless it is so high as to shock the conscience. This rule is to be applied even where there is some feeling on the part of the trial court that a smaller verdict would have been more appropriate. Zarek v. Fredricks, 3 Cir., 138 F.2d 689, 691. The principle is that if the Court should set aside the jury's verdict in the absence of a showing of caprice, passion or prejudice, it would be usurping the jury's function. Jordan v. Smyk, 262 App.Div. 414, 29 N.Y.S.2d 62. The power to set aside should be cautiously used because where pain and suffering and permanent injury are involved there can be no exact yardstick and the jury's determination should stand unless it is clearly unreasonable. Malone v. Montgomery Ward & Company, Inc., D.C., 38 F.Supp. 369; Jones v. Atlantic Refining Co., D.C., 55 F. Supp. 17.

 On this branch of the motion I cannot say that the verdict here was outrageous and obviously produced by passion and prejudice.

On the second branch of the motion defendant argues that the verdict should be set aside because there was received in evidence an entry in the log of the "Poling No. 2", the vessel on which the accident happened. The entry in question was made by the master of the vessel about one hour and a half after the accident happened. He made an investigation and then made an entry in the log to the effect that "the u-bolt welded to the mast holding the boom let go in the weld."

When this evidence was first offered I excluded it. It was clearly not part of the res gestae. I doubted that it could be considered an entry made in the regular course of business under the statute dealing with such entries (49 Stat. 1561, 28 U.S.C.A. § 695), because I was mindful of the ruling in Hoffman v. Palmer, 2 Cir., 129 F.2d 976, affirmed 318 U.S. 109, 63 S.Ct. 477, 87 L. Ed. 645, 144 A.L.R. 719. Later, and after the master had been called as a witness by the plaintiff, I overruled myself and took the evidence. I did so on the authority of Anthus v. Rail Joint Co., 193 App.Div. 571, 185 N.Y.S. 314, affirmed 231 N.Y. 557, 132 N.E. 887. I admit that the Anthus case is not strictly a pattern for the case at bar. The ruling in that case was based on the existence of a statutory duty to make reports. In the case at bar there was no analogous statute and indeed there may be some doubt whether here there was a duty to keep any log at all (see 31 Stat. 29, 46 U.S.C.A. § 201) because the vessel was engaged in inland traffic.

 I do not decide that log entries either do or do not come under the regular entry rule. I hold that a log entry, even narrative in form, setting forth the circumstances of an accident on a vessel may be received as an admission. Wigmore, 3rd Ed., Sec. 1641; The Sandringham, D.C., 10 F. 556. Even though the entry is hearsay, the circumstances surrounding it are such as to render it hardly likely that it could be made up out of the whole cloth, and composed and entered against the interest of the owner. Here the facts recited in the entry coincide entirely with proof developed in the case from other sources— proofs which were well nigh uncontroverted. Cf. Smith v. Socony-Vacuum Oil Co., 2 Cir., 96 F.2d 98. Moreover, the master of the vessel, who made the entry, appeared as a witness in the case for both sides, and the evidence complained of (the log entry) was therefore not open to the objection sometimes available against hearsay evidence, namely, that a party has been deprived of the opportunity to cross-examine effectively. My recollection is that I instructed the jury both when the exhibit was received and at the end of the case that while I felt I could not withhold from them on technical grounds the entry contained in the log, they were to consider that it had been made by the master after the accident and were to weigh carefully the circumstances under which it was made and determine what value they should give it. In other words I felt that it was entitled to be received but that the jury, which, by the way seemed to be intelligent and thoroughly able to appraise such matters, would under proper instruction give it the weight it deserved. My conclusion on this branch of the motion is that the verdict should not be disturbed, and I therefore deny the motion in its entirety.