674

## CARDILLO et al. v. HARTFORD ACCIDENT & INDEMNITY CO.
### No. 7408.

United States Court of Appeals for the District of Columbia.

Decided Jan. 22, 1940.

David A. Pine, U. S. Atty., and William S. Tarver, Asst. U. S. Atty., both of Washington, D. C., for appellant Frank A. Cardillo.

Francis M. Sullivan, of Washington, D. C., for appellant John. W. Garner.

Ward E. Boote, Charles T. Branham, and Sidney Sherman, all of Washington, D. C., for appellants.

Cornelius H. Doherty, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

In this workmen's compensation[1] case, the injured employee and the Deputy Commissioner appeal from a decree[2] which set aside an award of compensation. The question is whether the evidence supports the finding of the Deputy Commissioner that the injury arose out of and in the course of employment.

Garner, the injured employee, was a driver for Green Line, Inc., which operates sightseeing cars. About 10:30 a. m. on July 20, 1938, he delivered passengers at the Bureau of Engraving and Printing. He was instructed to go to Mount Vernon, and pick up passengers there at noon. He reached Mount Vernon at 11:15. Having forty-five minutes to wait, he decided to have lunch. There was a restaurant at Mount Vernon. However, Garner drove some two miles to a lunchroom, which was not on the route he had just taken but was on another route which he might have taken between Washington and Mount Vernon. He ate lunch and started back. About 11:50, when he was a quarter of a mile from Mount Vernon, the car overturned and he was injured.

Garner had no instructions as to the route he should take or when or where he should eat. He had no regular working hours. Drivers had to eat "wherever and whenever they could according to the opportunity and time available." The company's president and active manager testified as follows:

"Q. Is it in violation of the company's rules for one of your drivers to use the car in going a short distance for his lunch? A. Well, now, not while he is on a job like that; I would say that there is nothing against it.

"Q. For instance, if one of your drivers drops a party of passengers at the Con-

[1] Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, U.S.C., Tit. 33, Ch. 18, 33 U.S.C.A. § 901 et seq.; made applicable to the District of Columbia as a Workmen's Compensation Law, 45 Stat. 600; D.C.Code, Tit. 19, Ch. 2, § 11.

[2] Under 33 U.S.C. § 921(b), 33 U.S.C.A. § 921(b).

gressional Library, he would not be compelled to take the most direct route back to the Commodore Hotel, but he could take any other route that he wanted to, a few blocks one way or the other? A. That would be all right; yes."

The manager's testimony would support a finding that Green Line and its drivers understood that a man did not abandon or interrupt his employment by driving a reasonable distance to get lunch. We cannot say that a drive of two miles is necessarily unreasonable. To eat at Mount Vernon would have required less driving, or none, but the record does not tell us how much walking it would have required. In Garner's opinion "the food at the Mt. Vernon Lunch Room is not as substantial as that at the other place, and you get more for your money at the other place." As drivers can seldom work all day at their maximum efficiency without eating lunch, their eating lunch serves their employer's purposes as well as their own. There is nothing to prevent an employer from agreeing that the employment shall include travel which, in the absence of an agreement, it might not include; and an "agreement to that effect may be either express or be shown by the course of business."[3] It has often been held that an injury during meal-time, off the employer's premises, while the employee is going to or returning from the place where he eats, may in some circumstances arise out of and in the course of employment.[4] The employee's case is the stronger where, as here, he is employed to drive his employer's car and is rightfully driving it when he is injured.[5]

The insurer cites Morgan v. Hoage, 63 App.D.C. 355, 72 F.2d 727.[6] There an office worker was murdered, as he was getting into his car to drive to work, by a man who had demanded payment of an alleged obligation of the employer. That case differs widely from this. The murdered man worked at a fixed place, and not on the road; he was injured not during an intermission in work, but on his way to begin work; he was not employed to drive, was not driving, and was not injured by, his employer's car; his injury was not an incident of travel; and there was no understanding with regard to travel. Furthermore this court in that case did not overturn an award of compensation, but merely sustained a denial of compensation.

Our conclusion is that the evidence supports the Deputy Commissioner's finding that the injury arose out of and in the course of employment.

Reversed.

---

3 Voehl v. Indemnity Insurance Company of North America, 288 U.S. 162, 170, 53 S.Ct. 380, 77 L.Ed. 676, 87 A. L.R. 245.

4 Bollard v. Engel, 254 App.Div. 162, 4 N.Y.S.2d 363, affirmed, In the Matter of the Claim of Francis Bollard v. Engel, 278 N.Y. 463, 17 N.E.2d 130; Industrial Commission of Ohio v. Henry, 124 Ohio St. 616, 180 N.E. 194; Monroe County v. Industrial Commission, 184 Wis. 32, 198 N.W. 597; Sundine's Case, 218 Mass. 1, 105 N.E. 433, L.R.A.1916A, 318. Cf. T. J. Moss Tie Co. v. Tanner, 5 Cir., 44 F.2d 928, certiorari denied, 283 U.S. 829, 51 S.Ct. 353, 75 L.Ed. 1442. In Matter of Johnson v. Smith, 263 N.Y. 10, 188 N.E. 140, the court by a vote of 4 to 3 denied compensation. But there the employee contracted a disease in a restaurant. So far, if at all, as the doctrine of that case was applicable to an accident on a highway, it is apparently overruled by the Bollard case, supra.

5 Jones v. Casualty Reciprocal Exchange, Tex.Civ.App., 250 S.W. 1073; Stratton v. Interstate Fruit Co., 47 S. D. 452, 199 N.W. 117; Bisdom v. Kerbrat, 251 Mich. 316, 232 N.W. 408. Cf. Railway Express Agency, Inc., v. Lewis, 156 Va. 800, 159 S.E. 188, 76 A.L. R. 350.

6 Certiorari denied, 293 U.S. 606, 55 S.Ct. 122, 79 L.Ed. 697.