**LONDON GUARANTEE & ACCIDENT CO., Limited, v. BRITTON, Deputy Com'r.**

No. 8383.

United States Court of Appeals.

District of Columbia.

Argued Oct. 14, 1943.

Decided Nov. 8, 1943.

Mr. Edwin A. Swingle, of Washington, D. C., with whom Messrs. Ernest A. Swingle and Allan C. Swingle, of Washington, D. C., appeared on the brief, for appellant.

Mr. Ward E. Boote, Chief Counsel, U. S. Employees' Compensation Commission, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Bernard J. Long, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee. Mr. Daniel B. Maher, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before MILLER, EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

Defendant Britton, Deputy Commissioner of the United States Employees' Compensation Commission, District of Columbia, awarded compensation to the widow and minor children of Edwin Walker, deceased. Plaintiff, as insurer of the compensation liability of Walker's employer, sought review of the award in the District Court, which confirmed the award. The sole

---

[1] 28 U.S.C.A. following section 723c.

question is whether the fatal injuries arose "out of and in the course of employment."[1]

■ Walker was employed as "third assistant manager" of a retail hat store in which there were only two other employees —a manager and an assistant manager. The Deputy Commissioner found that the manager sent Walker to get lunch for all three employees in order to save time on an exceptionally busy day. He found that Walker was struck by an automobile while carrying out this direction. These findings which are clearly sufficient to support the award are not contradicted by any testimony in the record.

The theory of the appellant, London Guarantee & Accident Co., Ltd., is that additional findings should have been made (1) that the employees had established between themselves a practice of bringing back lunch for each other when advisable because of the weather or business conditions; (2) that Walker would have gone to lunch at the same time even if he had not been getting lunch for the others; (3) that the employer did not pay for the lunches of the employees. It is contended that with these additional findings the award is contrary to law.

Only the first of the suggested findings calls for any discussion. In the first place, the practice is irrelevant because the testimony is uncontradicted that on the day of the accident Walker was ordered to get lunch by the manager. In the second place, it is clear that the practice was adopted because of the needs of the business, and it was Walker who customarily ran the errand—presumably because of his rank. And finally, this court has recently held that injuries sustained while an employee is going to or from lunch arose out of and in the course of employment. Cardillo v. Hartford Accident & Indemnity Co., 1940, 71 App.D.C. 330, 109 F.2d 674. We there stated that because employees "can seldom work all day at their maximum efficiency without eating lunch, their eating lunch serves their employer's purposes as well as their own".

■ In our opinion this appeal is wholly without merit. We are asked to reverse the findings of the Deputy Commissioner, which are final and conclusive if supported by evidence,[2] on the strength of a record which contains no testimony to contradict those findings. And this in the teeth of a recent decision of this Court which makes all the contentions of appellant irrelevant.

We can discover no plausible reason why the appellant insurance company prosecuted this appeal. The judgment below is therefore affirmed.

Affirmed.

---

[1] Section 2(2) of the Longshoremen's and Harbor Workers' Compensation Act (44 Stat. 1424, 33 U.S.C.A. § 901 et seq.) as made applicable to certain employments in the District of Columbia (D.C. Code [1940] § 36—501).

[2] Parker v. Motor Boat Sales, Inc., 1941, 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184; Voehl v. Indemnity Ins. Co., 1933, 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245.