## PARK TRANSFER CO. v. LUMBERMENS MUT. CASUALTY CO. et al.

### No. 8532.

United States Court of Appeals
District of Columbia.

Argued March 14, 1944.

Decided April 24, 1944.

Mr. Joseph C. McGarraghy, of Washington, D. C., for appellant.

Mr. Alvin L. Newmyer, of Washington, D. C., for appellee.

Before GRONER, Chief Justice and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

This suit grows out of a fatal assault by one workman upon another. The men were employed by different contractors in the construction of a building. Smith was a laborer of the Park Transfer Company. Jett was a steamfitter foreman of the Norair Engineering Corporation. Smith drank water from a pail which belonged to Norair men. Jett shouted "Nigger, stay away from that water bucket." Smith struck Jett on the head with a six-foot steel pipe and killed him.

Norair's insurance carrier, appellee Casualty Company, paid workman's compensation to Jett's widow and then brought the present suit against Smith's employer, appellant Park Transfer Company. The verdict and judgment were for appellee.

We think the court should have granted appellant's motion for a directed verdict.

A principal is not liable for his agent's tort unless it is "within the scope of the agent's employment."[1] It is not within the scope of the employment if it is done for the agent's purposes only. Unless an assault, or other tort, is actuated in part at least by a purpose to serve a principal, the principal is not liable.[2] Appellee points out that agents must drink as surely as machines must be oiled. Agents must also eat, but it does not follow that their principal is responsible if they start a fight by taking, or even in order to take, food which is not theirs. If they eat or drink solely for their own benefit, an incidental and unintended benefit to their principal does not bring the eating or drinking within the scope of their employment. And even if the evidence in this case would support an inference that Smith's drinking was actuated partly by a desire to improve his work, it would not support an inference that his striking Jett as he did was actuated by any other motive than the purely personal one of revenge for Jett's insult. Where water is plentiful, a man does not break another's skull in order to get it.[3]

[1] Washington Gas Light Co. v. Lansden, 172 U.S. 534, 544, 19 S.Ct. 296, 300, 43 L.Ed. 543.

[2] Axman v. Washington Gas Light Co., 38 App.D.C. 150; Grimes v. B. F. Saul Co., Inc., 60 App.D.C. 47, 47 F.2d 409; Restatement, Agency (1933) §§ 228, 235, 245.

[3] "The servant's act in punishing persons who annoy him in the performance

Appellee relies on Dilli v. Johnson.[4] There a customer had complained of the food in the defendant's restaurant, and we upheld a finding that the defendant's agent was within the scope of his employment when he replied by striking the customer. But the defendant in that case employed the agent for the purpose, among others, of dealing with business complaints. The appellant in this case did not employ Smith for the purpose of dealing with business complaints or with personal insults.

Appellee relies also upon Cardillo v. Hartford Accident & Indemnity Co.[5] in which we sustained an award of workman's compensation to an automobile driver who was accidentally injured in his employer's car while he was returning from lunch. We said: "As drivers can seldom work all day at their maximum efficiency without eating lunch, their eating serves their employer's purposes as well as their own." We did not say that the driver was employed to eat or ate to work, or that eating was within the scope of his employment. No such question was involved in the case. We held only that the driver's accidental injury arose "out of and in the course of employment." Because the case involved workman's compensation, that was all that was necessary to support an award.[6] More is necessary to support a judgment in a damage suit. Workman's compensation cases seldom furnish helpful analogies in damage suits, since compensation is available in many circumstances where damages are not.

Reversed.

of the service * * * can very seldom be regarded as within the [scope] of the employment." 2 Mechem, Agency, 2d Ed. 1914, § 1978.

4 71 App.D.C. 139, 140, 107 F.2d 669.

5 71 App.D.C. 330, 331, 109 F.2d 674, 675.

6 33 U.S.C.A. § 902(2), 44 Stat. 1424; D.C.Code 1940, §§ 36—501, 45 Stat. 600, 33 U.S.C.A. § 901 note.