HURLEY et al. v. LOWE, Deputy Com'r,
Bureau of Employees' Compensation,
et al.

No. 9845.

United States Court of Appeals

District of Columbia.

Argued Jan. 19, 1948.

Decided March 15, 1948.

Writ of Certiorari Denied May 24, 1948.

See 68 S.Ct. 1338.

Mr. Al. Philip Kane, of Washington, D. C., with whom Mr. Charles V. Koons, of Washington, D. C., was on the brief, for appellants.

Mr. Ward E. Boote, Chief Counsel, Bureau of Employees' Compensation, Federal Security Agency, of Washington, D. C., with whom Mr. George Morris Fay, United States Attorney, and Mr. Sidney S. Sachs, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee Lowe.

Mr. Daniel W. O'Donoghue, Jr., of Washington, D. C., with whom Mr. Ross

O'Donoghue, of Washington, D. C., was on the brief, for appellee Globe Indemnity Company.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellants are the widow and infant children of George F. Hurley, deceased. They brought civil action in the District Court praying for a mandatory injunction directing the appellee Deputy Commissioner to award them compensation pursuant to the provisions of the District of Columbia Workmen's Compensation Act.[1] The District Court dismissed the complaint for failure to state a cause of action upon which relief could be granted.

The decedent was a member of the bar, practicing law in the District of Columbia, and employed at an annual salary by a law firm. By direction and on behalf of his employers, and in connection with legal matters, he went to New York for a day's conference and thence to Boston for another day's conference. He was scheduled to go the following day to Holyoke, Massachusetts, on a further business engagement. On the evening of his day in Boston he had dinner at a restaurant, his father and mother, who lived in the vicinity of Boston, being his guests at dinner. His father, an elderly man, left the dinner table, and Mr. Hurley escorted him down a short flight of steps in the direction of the men's lavatory. Mr. Hurley slipped and fell, and, as the result of the injury thus sustained, died. The facts were stipulated and are not in dispute. The question presented by the claim for compensation was whether, under the facts thus outlined, there was "accidental injury or death arising out of and in the course of employment".[2] The Deputy Commissioner held that there was not, and rejected the claim for that reason.

Regardless of our view upon the statutory meaning involved in the decision of the Deputy Commissioner, we see no escape from the rule laid down by the Supreme Court in Cardillo v. Liberty Mutual Co.[3]

The Longshoremen's and Harbor Workers' Compensation Act provides[4] that compensation orders may be set aside by the courts "if not in accordance with law". Like many other conclusions essential to the grant or denial of claims, the conclusion that a given injury "arose out of and in the course of his employment" is reached by a combination of facts and principles, or rules. Thus, a decision whether a given work under specified conditions is or is not "employment" requires a factual determination of the work and the conditions, a determination of principle as to what "employment" means, and an application of the latter principle to the former facts. It had been our construction of the statute that a reviewing court must determine all questions of law; that is, must determine whether the Deputy Commissioner applied the correct principles, or law, to the facts (as found by him) in order to derive an ultimate conclusion, just as appellate courts do in almost all other cases coming before them; and that in a difference of opinion between the Deputy Commissioner and the court upon the principle of law to be applied to the ascertained facts, the opinion of the court must prevail. Such, we understood, was the requirement of the statutory phrase "if not in accordance with law".[5]

The question in Cardillo v. Liberty Mutual Co., supra, was whether the undisputed facts brought the case within one rule of

---

[1] Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., as made applicable to the District of Columbia by Act of May 17, 1928, 45 Stat. 600, D.C.Code 1940, §§ 36—501, 36—502, 33 U.S.C.A. § 901 note.

[2] Sec. 2(2) of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1425, 33 U.S.C.A. § 902(2).

[3] 1947, 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028.

[4] Sec. 21(b), 44 Stat. 1436, 33 U.S.C.A. § 921(b).

[5] "That is the necessary import of the provision for judicial review, giving authority to the reviewing court to modify or reverse the decision of the Board 'if it is not in accordance with law.'" Anniston Mfg. Co. v. Davis, 1937, 301 U.S. 337, 352, 57 S.Ct. 816, 823, 81 L.Ed. 1143.

law or another (the general rule stated in Voehl v. Indemnity Ins. Co., 1933, 288 U. S. 162, 53 S.Ct. 380, 77 L.Ed. 676, or the second exception thereto stated in Ward v. Cardillo, 1943, 77 U.S.App.D.C. 343, 135 F.2d 260). The Deputy Commissioner had held that the exception was applicable. We held that the general rule and not the exception was applicable.[6] The Supreme Court held that the ultimate inference, whether the accident involved did or did not arise out of and in the course of employment, was for the Deputy Commissioner, and said:

" * * * Even if such an inference be considered more legal than factual in nature, the reviewing court's function is exhausted when it becomes evident that the Deputy Commissioner's choice has substantial roots in the evidence and is not forbidden by the law. * * * "

" * * * If there is factual and legal support for that [the Deputy Commissioner's] conclusion, our task is at an end."[7]

Examining the possible legal principles to be applied in the determination of the ultimate conclusion, the Court found "A reasonable legal basis for the Deputy Commissioner's action". It said that "the Deputy Commissioner must determine the applicability of these exceptions [referring to Ward v. Cardillo, supra] to the general rule" and concluded, "We cannot say that he was wrong as a matter of law"[8] and "Nor is there any other formal principle of law which would invalidate the choice made by the Deputy Commissioner in this instance."[9] Upon that basis the Supreme Court reversed.

■ Thus, we understand the opinion in that case to hold that a reviewing court must look to see, not whether the principles of law applied by the Deputy Commissioner are correct, but merely whether they are forbidden by law, or without any reasonable legal basis, or are invalidated by some formal principle of law. The two approaches, and the two views of the function of the courts, are wholly different.

■ The present case is an apt illustration of the point just discussed. As a matter of unweighted impression, we are of opinion that the Deputy Commissioner was in error upon the legal principle involved in his inference from the basic facts. The "course of employment" on a specified errand, ordered by an employer, to a place different from the regular place of employment, includes all the ordinary incidents of the errand which the employer would normally contemplate as occurring in the course of it. Thus, when the employing firm sent this lawyer, otherwise engaged in practice in the District of Columbia, on a business trip for specific purposes, all the natural incidents of that trip which would be contemplated by the employer, such as the eating of meals in ordinary places at ordinary times, were in the course of that employment. This is not only the normal concept established in the business world, but fits the intent of the law as to coverage against injury.

We do not mean to imply that anything that an employee might do while on an errand would be in the course of his employment. Any activity which would not normally be contemplated by the employer as incident to the errand, would not be in the course of employment. But an ordinary dinner with one's father and mother in a restaurant, when in their neighborhood on a business errand, would not be such an affair.

We do not think that this problem can be solved by a general recourse to cases which involve "eating" or which concern "traveling salesmen", many of which cases are cited to us. The traveling salesman may, literally, live on the road, and his meals and sleeping quarters may properly be considered a part of his personal and private life, just as they would be if he were employed at a fixed place. His situation does not seem to us to be similar to that of one who is sent by his employer from his fixed place of employment upon a specific errand elsewhere.

6 Liberty Mut. Ins. Co. v. Cardillo, 1946, 81 U.S.App.D.C. 72, 154 F.2d 529.

7 Cardillo v. Liberty Mutual Co., supra note 3, at pages 478, 479 of 330 U.S., at page 807 of 67 S.Ct.

8 Id., at page 480 of 330 U.S., at page 808 of 67 S.Ct.

9 Id., at pages 481, 482 of 330 U.S., at page 808 of 67 S.Ct.

■ Seemingly, the Deputy Commissioner based his conclusion upon the stipulated fact that the dinner "was of social character",[10] since he coupled his finding of that fact with his ultimate conclusion, in the same sentence. He apparently acted upon the principle that "the course of employment" in the statute does not include incidents "of social character". But we do not think that "social character" necessarily puts an act outside the course of one's employment; luncheons for customers or clients have "social character". The correct criterion is the involvement of the incident in the employment. The meaning of the statutory term, apart from any particular set of facts, is a question of law.

■ But, while we think that the Deputy Commissioner was in error as to the legal content of the term "in the course of employment" in the statute, we cannot say that his view is "forbidden by the law" or without any reasonable legal basis. This state of mind is a common experience, since disagreeing judges upon the same court, while thinking their contrary brethren to be in error, rarely think the other view forbidden by law or without any reasonable basis in law. It follows that under the decision in Cardillo v. Liberty Mutual Co., supra, as we understand it, we must affirm the judgment of the District Court in dismissing the complaint. If we are in error in our understanding of the Cardillo case, we hope the error will be corrected by further expression by the Supreme Court. The statute involved is national in scope and the question is of considerable importance.

Affirmed.

---

[10] The stipulation was also that the dinner "was not related to George F. Hurley's employment in any way," and, of course, the finding included that expression. Whatever may be the explanation of the stipulation, it is not conceivable that it meant "not in the course of employment" in the statutory sense, because that was the sole basis of the claim. We do not understand that the Deputy Commissioner treated that stipulation as a concession of the whole case.