**WETZEL v. BRITTON, Deputy Com'r, U. S. Employees' Compensation Commission et al.**

No. 9629.

United States Court of Appeals District of Columbia.

Argued April 12, 1948.

Decided June 14, 1948.

Mr. Henry H. Glassie, of Washington, D. C., for appellant. Mr. Arthur H. Tibbits, of Washington, D. C., also entered an appearance for appellant.

---

Mr. Ward E. Boote, Chief Counsel, Bureau of Employees' Compensation, Federal Security Agency, of Washington, D. C., with whom Mr. Herbert D. Miller, Assistant Chief Counsel, Bureau of Employees' Compensation, Federal Security Agency, Mr. George Morris Fay, U. S. Atty. and Mr. Sidney S. Sachs, Asst. U. S. Atty., all of Washington, D. C., were on the brief, for appellee Britton.

Mr. Richard W. Galiher, of Washington, D. C., for appellee General Accident Fire and Life Assurance Corporation, Ltd., of Perth, Scotland.

Before STEPHENS, Chief Justice, and CLARK and WILBUR K. MILLER, Associate Justices.

CLARK, Associate Justice.

Appellant, Emily Wetzel, filed a bill of complaint on September 6, 1946, in the District Court of the United States for the District of Columbia seeking injunctive relief from an order entered by appellee Britton, as Deputy Commissioner, rejecting appellant's claim for compensation under the District of Columbia Workmen's Compensation Act.[1] (The Deputy Commissioner stated in his order that the claim was rejected for the reason "That the injury did not arise out of and in the course of the employment.")[2] The bill of complaint named as parties defendant Theodore Britton, Deputy Commissioner, U. S. Employees' Compensation Commission; appellant's employer, the Provisional Government of the French Republic; and the employer's insurance carrier, General Accident Fire & Life Assurance Corporation, Ltd., of Perth, Scotland.

Upon defendant's motions to dismiss the bill of complaint the cause came on for hearing in open court, and after argument by opposing counsel on the issue whether the injury arose out of and in the course of employment, an order was entered denying said motions to dismiss on January 20, 1947. Subsequently a stipulation was entered into between the parties providing that the employer should not be a party to the action, but that the insurance carrier should remain bound by all orders, judgments and decrees of the court in this action; and in the event of compensation being awarded the claimant (appellant), such compensation award would be paid by the insurance carrier, in all respects as if the employer had been a party to the action.

Defendants by their answers denied plaintiff's allegations that the said compensation order was not in accordance with law. Upon plaintiff's motion for summary judgment and defendants' cross motions for summary judgment the cause again came on for hearing in open court, and after argument on the issue whether the injury arose out of and in the course of employment, the District Court granted defendants' motions and dismissed plaintiff's complaint. This appeal followed.

The facts giving rise to the claim for compensation are uncontroverted. Appellant was employed as a stenographer or secretary by the Provisional Government of the French Republic in its office building located at 1605 New Hampshire Avenue, N. W., Washington, D. C. The employer was insured by the General Accident Fire & Life Assurance Corporation, Ltd., pursuant to the provisions of the District of Columbia Workmen's Compensation Act.

---

[1] 45 Stat. 600 (1928), D.C.Code (1940), § 36—501. This section of the D.C.Code makes applicable to the District of Columbia the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424 (1927), 33 U.S.C.A. ch. 18, § 901 et seq.

[2] Section 1 of the District of Columbia Workmen's Compensation Act provides in part that "the provisions of the Act entitled 'Longshoremen's and Harbor Workers' Compensation Act,' * * * shall apply in respect to the injury or death of an employee of an employer carrying on any employment in the District

of Columbia, irrespective of the place where the injury or death occurs." 45 Stat. 600 (1928), D.C.Code (1940), § 36—501. The Longshoremen's and Harbor Workers' Compensation Act defines the term "injury" to include "accidental injury or death arising out of and in the course of employment, * * *." 44 Stat. 1425 (1927), 33 U.S.C.A. § 902 (2). A finding that the injury or death was one "arising out of and in the course of employment" is therefore essential to an award of compensation under the District of Columbia Workmen's Compensation Act.

Appellant's regular hours of employment were from 8:30 a. m. to 5:30 p. m. on week days. She was not furnished lunch by her employer, nor was there any public place in the immediate vicinity of her employer's office building where she could procure her lunch. Accordingly, appellant was regularly permitted and directed to obtain her lunch in the middle of the working day, at a time convenient to her employer, and for this purpose she was given a one-hour lunch period. The employer exercised no control over her manner of using this lunch period nor her choice of eating places.

On the day that appellant suffered the injuries for which she filed a claim for compensation, she was proceeding to lunch at about twelve o'clock noon. While crossing the street immediately in front of her employer's office building she was struck by a taxicab and seriously injured. At the time she had the intention of obtaining her lunch at a cafeteria located at 15th Street and Pennsylvania Avenue, N. W., several blocks away, and was walking toward a bus stop where she intended to board a bus which would convey her to a point near the cafeteria. Appellant often ate her lunch at this particular cafeteria because she believed the food served there was more substantial and less costly than at any other place as conveniently accessible, and on this particular day she was keeping an engagement, made the previous evening, to lunch there at approximately 12:15 p. m. with a friend who was not a fellow employee. Appellant was carrying a book which she was reading and which she had agreed to loan to her friend when they met for lunch.

Pursuant to the provisions of the Compensation Act, the employer was given notice of the injuries sustained, a claim for compensation was filed by appellant and thereafter controverted by the employer, hearings were held before the United States Employees' Compensation Commission, District of Columbia Compensation District, and finally the order referred to hereinbefore was entered by the Deputy Commissioner on August 7, 1946, rejecting her claim.

Appellant relies upon London Guarantee & Accident Co. v. Britton,[3] and Cardillo v. Hartford Accident & Indemnity Co.,[4] to support her contention that a definite rule of law is existent, as the result of those cases, to the effect that "injuries sustained while an employee is going to or from lunch arise out of and in the course of employment." It is perfectly true that this court reached that conclusion *on the basis of the facts presented in each of those cases.* But we cannot sanction the attempted conversion of those decisions into an absolute rule of law governing all of the situations where it is shown that an employee was injured while going to or from lunch. In Bountiful Brick Co. v. Giles,[5] the contention was advanced that injuries to employees, going to or returning from their place of employment, or after leaving on personal errands, are not compensable, and many decisions by the highest courts of several states were cited[6] in support of the contention. The Supreme Court, however, affirmed an award of compensation for the accidental death of an employee sustained under those very circumstances, *on the basis of the particular facts in that case.* Indeed, in Cudahy Packing Co. v. Parramore,[7] it was aptly stated for the Court by Mr. Justice Sutherland that, "Whether a given accident is so related or incident to the business must depend upon its own particular circumstances. *No exact formula can be laid down which will automatically solve every case.*"[8] (Italics added.) We cannot say, then, that a rigid legal principle existed which the Deputy Commissioner was forced to observe and apply to the facts in this case.

3 1943, 78 U.S.App.D.C. 195, 138 F.2d 932.

4 1940, 71 App.D.C. 330, 109 F.2d 674.

5 1928, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507, 66 A.L.R. 1402.

6 For the cases cited, see 276 U.S. 154, 155, 48 S.Ct. 221.

7 1923, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 522.

8 263 U.S. at page 424, 44 S.Ct. at page 154. See also, Cardillo v. Liberty Mutual Ins. Co., 1947, 330 U.S. 469, 481, 67 S.Ct. 801, 91 L.Ed. 1028; Voehl v. Indemnity Ins. Co., 1933, 288 U.S. 162, 169, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245.

■ Instead of being bound by the decisions in the London Guarantee & Accident Co. and Hartford Accident & Indemnity Co. cases, on the ground that the Deputy Commissioner applied incorrect principles of law, we find the instant case controlled by the recent decision of this court in Hurley v. Lowe, 168 F.2d 553,[9] wherein the Supreme Court's opinion in Cardillo v. Liberty Mutual Co.[10] was construed. This court held that the Supreme Court has apparently restricted the function of a reviewing court in workmen's compensation cases so narrowly that we may examine a particular case only with the purpose of determining whether the Deputy Commissioner's conclusion is forbidden by law or without any reasonable legal basis.

The undisputed facts in the Hurley case were that a member of the bar, practicing law in the District of Columbia as a salaried employee of a law firm, was sent by his employers to Boston to participate in a business conference. He was scheduled to proceed from Boston to Holyoke, Massachusetts, for a further business engagement. On the evening of his day in Boston, Hurley had dinner at a restaurant with his mother and father, who lived in that vicinity. His father, an elderly man, left the dinner table and Hurley also left the table to give assistance to his father. While they were descending a short flight of steps in the direction of the men's lavatory Hurley slipped and fell, and later died as a result of the injuries thus sustained. The Deputy Commissioner reached the conclusion that on these facts there was no accidental death arising out of and in the course of employment. Justice Prettyman, speaking for this court, said: [11]

"Seemingly, the Deputy Commissioner based his conclusion upon the stipulated fact that the dinner 'was of social character', since he coupled his finding of that fact with his ultimate conclusion, in the same sentence. He apparently acted upon the principle that 'the course of employment' in the statute does not include incidents 'of social character'. But we do not think that 'social character' necessarily puts an act outside the course of one's employment; luncheons for customers or clients have 'social character'. The correct criterion is the involvement of the incident in the employment. The meaning of the statutory term, apart from any particular set of facts, is a question of law.

"But, while we think that the Deputy Commissioner was in error as to the legal content of the term 'in the course of employment' in the statute, we cannot say that his view is 'forbidden by the law' or without any reasonable legal basis. This state of mind is a common experience, since disagreeing judges upon the same court, while thinking their contrary brethren to be in error, rarely think the other view forbidden by law or without any reasonable basis in law. It follows that under the decision in Cardillo v. Liberty Mutual Co., supra, as we understand it, we must affirm the judgment of the District Court in dismissing the complaint. If we are in error in our understanding of the Cardillo case, we hope the error will be corrected by further expression by the Supreme Court. The statute involved is national in scope and the question is of considerable importance." [12]

■ In this case the facts were not disputed and the question was whether the injury was one arising out of and in the course of employment. Upon the particular facts of this case it is our opinion that the finding of the Deputy Commissioner was supported by evidence and not inconsistent with the law. Therefore, the judgment of the District Court is affirmed.

Affirmed.

9 Certiorari denied 68 S.Ct. 1338.

10 1947, 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028.

11 Hurley v. Lowe, App.D.C., 168 F.2d 553, 556.

12 Petition for certiorari denied by the Supreme Court, 68 S.Ct. 1338. See note 9, supra.