**HASTORF–NETTLES, Inc. et al. v. PILLSBURY et al.**

No. 13286.

United States Court of Appeals Ninth Circuit.

April 16, 1953.

Keith, Creede & Sedgwick, Frank J. Creede, Scott Conley, San Francisco, Cal., for appellants.

Chauncey Tramutolo, U. S. Atty., and Macklin Fleming, Asst. U. S. Atty., San Francisco, Cal., William S. Tyson, Sol. of Labor, Ward E. Boote, Asst. Sol., Herbert P. Miller and James Edward Hughes, At-

tys., U. S. Department of Labor, Washington, D. C., for appellee.

Before ORR and POPE, Circuit Judges, and McCORMICK, District Judge.

McCORMICK, District Judge.

Appellants, Hastorf-Nettles, Inc., and United Pacific Insurance Company, its insurance carrier, as complainants in the court below, sought an injunction against appellees whom they made defendants in the district court, to restrain the enforcement and effectiveness of a compensation order and award against them in favor of Cecil Vogel, a claimant, made by Deputy Commissioner Warren H. Pillsbury of the United States Compensation Commission, in the course of official duty pursuant to provisions of the Longshoremen's and Harbor Workers' Act of March 4, 1927, 33 U.S.C.A. § 901 et seq., as extended and made applicable to employment in certain defense base areas and elsewhere by the Act of August 16, 1941, 42 U.S.C.A. §§ 1651, 1654, (Defense Bases Act). Defendant Deputy Commissioner Pillsbury filed a motion to dismiss the complaint in the district court based upon the insufficiency of such initial pleading and upon the certified copy of the transcript of all proceedings before the Deputy Commissioner which resulted in the order and award.

After respective arguments, briefing and submission by litigants, and upon an independent examination of the record, the District Judge concluded that the findings and award of the Deputy Commissioner are supported by substantial evidence considering the record as a whole, and, in the light of O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483, granted the motion to dismiss. Thereafter a judgment of dismissal of the action was duly entered in the district court. It is from such judgment that this appeal has been duly taken. 28 U.S.C.A. § 1291.

It appears from the record that Cecil Vogel was allowed a claim by the United States Compensation Commission pursuant to the Defense Bases Act, supra. He was employed by appellant Hastorf-Nettles, Inc., as a steam-fitter on a construction job at Fort Richardson, Alaska. Hastorf-Nettles, Inc. was a subcontractor to the prime contractor, Pomeroy and Company.

As to transportation facilities for employees of both concerns, the two contracting parties were inter-related. Hastorf-Nettles, Inc. had but one truck, which was in the possession and custody of its superintendent. The employees of both contractor and subcontractor were jointly quartered in a labor camp on the military base some distance from the job. No recreational facilities were maintained in this camp and none appeared to be available to civilian workers in the military parts of the reservation, the civilian workers being restricted to the labor camp area. The prime contractor provided transportation for the subcontractor employees as needed in the course of its operations, and it was customary for the prime contractor's drivers to pick up and give a ride to any workmen on the base irrespective of whether the workmen were going on business or otherwise.

On September 4, 1950, (Labor Day), a holiday from work, Vogel purchased a round trip railroad ticket to Anchorage, and went by train to Palmer, about forty miles away, for recreation in company with a fellow worker. About to entrain at Palmer and return to the labor camp to be ready for work the next morning, he happened to meet one Buhlman, a carpenter superintendent of the prime contractor, who invited Vogel to ride back to the camp with him in a truck belonging to the prime contractor, which Buhlman drove and which he had checked out of Fort Richardson for a recreational trip. Vogel got into the truck at Palmer, and around 10:30 or 11:00 P.M. while proceeding toward the labor housing camp and about two or three miles from it an accident occurred to the truck in which Vogel and Buhlman were riding on the main highway between Palmer and Anchorage but within the confines of the military reservation before they had arrived at the labor camp area therein. It was in this accident that Vogel received the injuries for which he was compensated by the award in question. The accident occurred on the same road the workers would travel in going from the labor camp to the par-

ticular job where Vogel had been working. On the basis of the record as a whole, the Deputy Commissioner Pillsbury held that Vogel's injuries arose out of and in the course of his employment and made an award subject to credits for $5,000. recovered by Vogel in settlement of a third-party action for damages for his injuries against Pomeroy and Company, the prime contractor.

At the outset it should be noted that independent judicial review of factual ascertainment of the Deputy Commissioner under the extended Longshoremen's and Harbor Workers' Act is circumscribed by the established standard that the Deputy Commissioner's findings are to be accepted unless they are unsupported by substantial evidence on the record considered as a whole. O'Leary v. Brown-Pacific-Maxon, Inc., supra.

The Deputy Commissioner undoubtedly had the exclusive and unreviewable right to draw inferences from the unique character and isolated place of the employment in which Vogel was engaged; its remoteness from available recreation and its narrowed limits of normal pastime; the benefit to Vogel and his employer of recreation as an economic factor in industrial relations; the infrequency of and inconvenience to utilize public transportation facilities; the generally recognized arrangement and practice existing between his employer and the prime contractor relative to transportation of civilian workers at Fort Richardson; and the unlimited tacit permissive use by Superintendent Buhlman of the truck that was in the accident at Fort Richardson at the time of Vogel's injuries and while he was returning to the labor camp incidental to the work of Hastorf-Nettles, Inc. in the morning; the commingled housing and living quarters of the employees of the prime and subcontractors, and the "course of dealing" operative between these two contracting entities in the performance of their respective services at Fort Richardson. These circumstances and substantial factors, we think, adequately in law justified the Deputy Commissioner in finding as he did on the whole record before him that Vogel's injuries arose out of and in the course of his employment. Voehl v.

Indemnity Insurance Company of North America, 288 U.S. 162, 169, 53 S.Ct. 380, 77 L.Ed. 676; Cardillo v. Liberty Mutual Insurance Co., 330 U.S. 469, 480, 67 S.Ct. 801, 91 L.Ed. 1028; Liberty Mutual Insurance Company v. Gray, 9 Cir., 1943, 137 F.2d 926.

We find no error in the refusal of the District Court to set aside and annul the Deputy Commissioner's order and award. The judgment is accordingly

Affirmed.