Charles T. PULLEY, Plaintiff-Appellant,

v.

PETER KIEWIT SON'S CO., a Corp., et al., Defendants-Appellees.

No. 11360.

United States Court of Appeals Seventh Circuit.

June 15, 1955.

**192**

Samuel Nineberg, Arthur S. Gomberg, Chicago, Ill., for appellant.

L. H. Vogel, R. C. Vogel, R. B. Johnstone, R. Tieken, U. S. Atty., Chicago, Ill., for appellees. John Peter Lulinski, Richard C. Bleloch, Asst. U. S. Attys., Chicago, Ill., of counsel.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

The defendants are three corporations which engaged in a joint enterprise known as "North Atlantic Constructors" at United States Government Defense Project "Bluejay" at Tuhly, Greenland.

Plaintiff had entered into a contract with defendants for his employment on the project as a sheet metal worker. The contract provided for deductions of $40.-25 per week from plaintiff's wages to cover room and board, laundry, medical and dental care.

The complaint alleged that the "Bluejay" base in Tuhly, Greenland, was an isolated community and the only facilities for water supplies, food, medical and dental care were supplied by defendants; that defendants expressly and impliedly warranted the food and water to be wholesome and fit for the purpose intended, and that the physicians and dentists provided by defendants were competent and skilled.

The complaint alleged that on May 19, 1952, while in the act of eating beans at the company cafeteria on the base, plaintiff bit into a stone resulting in an injury to one of his teeth; that shortly thereafter defendants sent plaintiff to a dentist on the base for treatment; that the said dentist administered certain drugs, shots and medicines with the result plaintiff developed lockjaw and other ailments resulting in the loss of his job, and causing other damages. Numerous acts of negligence were alleged including carelessness in supplying food and in hiring competent dentists. Plaintiff further alleged that pursuant to the terms of the employment contract, he gave defendants written notice of his claim on November 25, 1952.

Defendants moved to dismiss the complaint contending the District Court was without jurisdiction because plaintiff's exclusive remedy was under and pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U. S.C.A. § 901 et seq. Plaintiff filed an answer to the motion asserting that on September 10, 1952, he did file his claim for injuries under the provisions of the Longshoremen's Act, and that defendants there contended that plaintiff's injuries did not occur in the course of his employment; that thereafter the Deputy Commissioner administering said Act advised plaintiff that, in his opinion, plain-

tiff's complaint did not come within the terms and jurisdiction of said Act. The District Court granted the motion to dismiss the complaint holding that plaintiff's injuries arose out of and in the course of his employment, and that plaintiff's exclusive remedy is the compensation provisions of the Longshoremen's and Harbor Workers' Compensation Act.

Defendants' position in the case at bar is entirely inconsistent with the position taken before the Deputy Commissioner. Plaintiff originally filed his claim for compensation pursuant to the terms of the Longshoremen's and Harbor Workers' Compensation Act. Defendants appeared by their insurance carrier and strenuously denied that plaintiff's injuries were in the course of his employment, or that they were compensable under the Act. An informal conference was held with the Deputy Commissioner on May 15, 1953, who indicated his view that plaintiff's disability did not arise out of and in the course of his employment. However, no formal hearing was held, and no formal action was taken. Plaintiff's counsel informed the Deputy Commissioner that he contemplated filing a civil suit against the employer.

Plaintiff relies upon the italicized portion of § 905 of the Longshoremen's and Harbor Workers' Compensation Act which reads:

"Sec. 5. The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, * * * and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, *except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in ad-*

*miralty for damages on account of such injury or death. * * *"*

Plaintiff argues that his employers not only failed to secure the payment of compensation, but used every effort to prevent plaintiff from securing any payments of compensation under the Act. We think the point is not well taken. Where the statute refers to "* * * if an employer fails to secure payment of compensation as required by this chapter * * *," it has reference to § 932(a) (1) of the Act which provides: "*Security for compensation.* (a) Every employer shall secure the payment of compensation under this chapter—(1) by insuring and keeping insured the payment of such compensation with any stock company or mutual company or association * * *." The record discloses that defendants were represented at the hearing before the Deputy Commissioner by attorneys for the insurance carrier. Nowhere has plaintiff contended that the employers failed to take out insurance as provided in § 932 of the Act. We must assume that the employers obtained such insurance and, therefore, we must hold that under the provisions of the Act, the employers did not fail to secure payment of compensation which would authorize plaintiff to elect to maintain an action at law.

The only contract between plaintiff and defendants was a contract of employment. It is of no legal significance in this case that plaintiff agreed to a weekly deduction from his pay-check due to the circumstance that he would be unable to obtain board, room, dental and medical care elsewhere than on the base. Undoubtedly, there were other deductions from his pay-check, such as for Social Security. However, there is nothing in this record to sustain the theory that there existed some kind of a separate contract for dental care, nor was any such theory advanced by appellant on this appeal.

Also, we think it of no moment that the complaint herein did not mention the Longshoremen's and Harbor Work-

ers' Compensation Act, 33 U.S.C.A. § 901 et seq. It is without dispute that plaintiff was to be employed at a defense base. Under the provisions of the Defense Bases Act, 42 U.S.C.A. § 1651 et seq., the provisions of the Longshoremen's and Harbor Workers' Compensation Act govern in respect to an injury or death of an employee.

The language in § 905 of the Longshoremen's and Harbor Workers' Compensation Act is clear and unambiguous. The liability of the employer "* * * shall be exclusive and in place of all other liability of such employer to the employee * * *." The only exception is where the employer fails to secure payment of compensation, and as we have heretofore pointed out, that exception has no application here. The statute expressly states that if the exception did apply, the employee then could "* * * maintain an action at law or in admiralty for damages on account of injury or death * * *."

Plaintiff's claim, under the Act, is still pending. No formal hearing has been held. An award was neither made nor denied. In spite of the Deputy Commissioner's off-the-cuff opinion, plaintiff is entitled to pursue his claim under the Act.

Judgment affirmed.

SCHNACKENBERG, Circuit Judge (dissenting).

In this common law action plaintiff's employment by defendants has no legal significance. Plaintiff is suing upon a contract with defendants under which it is admitted that, in consideration of $40.25 per week paid by plaintiff to defendants, defendants agreed to furnish plaintiff his room and board, laundry, and medical and dental care. The weekly payments were in the form of deductions made by defendants from plaintiff's salary. It is alleged that plaintiff, needing the services of a dentist, was sent by the defendants to one Dr. C. L. Alein, a dentist carelessly and negligently hired by defendants, and that, as a proximate result of negligent treat-ment by Dr. Alein, who lacked sufficient skill and knowledge in the premises, plaintiff suffered serious permanent injuries.

Plaintiff's complaint in the district court makes no reference to the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901.

It needs no citation of authorities to demonstrate that where, by contractual relation for a valuable consideration, defendants undertook to supply a dentist for plaintiff, they were under a legal obligation to use due care in making the selection. If the allegations of the complaint setting forth the above facts can be proved by plaintiff, he is entitled to a judgment against defendants. He has not had an opportunity to prove his case, because the district court dismissed his complaint upon motion of defendants who there contended that plaintiff's rights existed solely by virtue of said act, which, by the Defense Bases Act, 42 U.S.C.A. § 1651 et sequitur, was made applicable to employees working at defense bases. It also appears that, when plaintiff had attempted to seek relief under the Longshoremen's and Harbor Workers' Act, these same defendants appeared before a deputy commissioner engaged in the administration of that act and convinced him that said act did not apply because the above mentioned occurrences, with said resulting injuries to plaintiff, "did not arise out of and in the course of employment."

Plaintiff then filed this suit.

I would hold that he has a right to enforce his valid contract with the defendants for the furnishing to him of competent dental services. To deny one party to that contract the right to enforce it simply because he was, in an independent relationship, an employee of the other party to the contract, is a non sequitur. It would be as if, when A meets B on a street in front of a church, and enters into a valid contract with B, he is deprived of a right to enforce the contract because of certain teachings or tenets of the nearby church congregation.

In none of the cases cited by defendants [1] was there an express contract governing the rights of the parties, such as we have in this case. They therefore have no application here.

I would reverse and permit plaintiff to recover on the contract for which he paid a valuable consideration.

See, also, 15 F.R.D. 61.

---

1. O'Leary v. Brown-Pacific Maxon Co., 340 U.S 504, 71 S.Ct. 470, 95 L.Ed. 483; Hastorf-Nettles, Inc., v. Pillsbury, 9 Cir., 203 F.2d 641; State ex rel. Haddock Engineers v. Swope, 56 N.M. 782, 251 P.2d 266; McWilliams Dredging Co. v. Henderson, D.C., 36 F.Supp. 361; Hurley v. Lowe, 83 U.S.App.D.C. 123, 168 F.2d 553; Cardillo v. Hartford Accident Indemnity Co., 71 App.D.C. 330, 109 F.2d 674; and London Guarantee & Accident Co. v. Britton, 78 U.S.App.D.C. 195, 138 F.2d 932.