**TRAVELERS INSURANCE COMPANY and**

**Nacirema Operating Co., Inc., Plaintiffs,**

**v.**

**Raymond F. BELAIR, Deputy Commissioner, and Alfred Pina, Defendants.**

**Civ. A. No. 61-55-C.**

United States District Court
D. Massachusetts.

Jan. 12, 1962.

Paul R. Frederick, Walter I. Badger, Jr., Peter D. Cole, Boston, Mass., for plaintiffs.

W. Arthur Garrity, Jr., U. S. Atty., William M. Gibson, John J. Curtin, Asst. U. S. Attys., Nathan Greenberg, Boston, Mass., for defendants.

CAFFREY, District Judge.

This is a proceeding brought to review a compensation order filed by defendant Deputy Commissioner on December 19, 1960. Jurisdiction of this Court is invoked under 33 U.S.C.A. § 921, commonly known as the Longshoremen's and Harbor Workers' Compensation Act. The Travelers Insurance Company was the insurance carrier for the plaintiff Nacirema Operating Company, Inc. under said statute at all material times. The defendant Alfred Pina was an employee of Nacirema who was injured while employed as a longshoreman on board the S.S. AMERICAN GUNNER on November 28, 1956. Subsequent to the date of sustaining certain injuries Pina was furnished medical treatment by and received disability payments from Travelers. On November 28, 1958, Pina brought a third-party action in this Court against the owners of the vessel, who, in turn, impleaded Nacirema as a third-party defendant. Pina ultimately recovered the sum of $8000.00, from which disability and medical payments made to him in the amount of $3839.41 were deducted. Thereafter, on August 22, 1960, Pina filed a claim for additional compensation under the Act and the Deputy Commissioner made an award to him, on December 19, 1960, for total temporary disability for 105% weeks (November 29, 1956 to December 6, 1958, inclusive), amounting to $5517.08, less his net recovery in the third-party action, $1810.59, i. e., a balance of $3706.49, for temporary total disability, plus compensation for permanent partial disability from December 7, 1958 to December 19, 1960 amounting to $3082.29, or a total award of $6788.78.

The award also provided for future payments for permanent partial disabil-

ity beginning December 20, 1960, at the rate of $29.00 per week, and directed the insurance carrier to pay medical and hospital bills as required in the future by the nature of the injury and the process of recovery. An attorney's fee in the amount of $800.00 in favor of Nathan Greenberg, Esq., was approved, this amount to be deducted from the payment of the award.

Plaintiffs seek to have the award set aside on eight separate grounds, spelled out in paragraph 10 of their complaint. At the hearing in this Court all but two of these grounds were waived, plaintiffs now contending merely that attorney's fees, as approved or awarded by the Deputy Commissioner, were excessive, and likewise contending that the amount paid to Mr. Pina by the insurance carrier prior to the third-party action should also be deducted from the net amount of the award. Since the Deputy Commissioner in his answer, and through his counsel at the hearing, concedes that an error was made and that the amount paid by the insurer prior to the third-party action should have been deducted from the award, the Deputy Commissioner is directed hereby to make such deduction as agreed to by his counsel at the hearing in this Court.

■■ As regards the claim that the legal fees were excessive, it is clear that the scope of review by a District Court of a compensation order under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921, is, in effect, to determine whether or not the order complained of is supported by substantial evidence on the record viewed as a whole and is in accordance with law. Wetzel v. Britton, 83 U.S.App.D.C. 327, 170 F.2d 285 (C.A.D.C.1948). No showing was made in this Court that on the basis of the record the Deputy Commissioner's order was deficient in either respect.

■ Even if the point were otherwise well taken, it is well-established that a non-jurisdictional legal point not raised at the hearing before the Deputy Commissioner cannot be raised for the first time in the District Court. The record discloses that counsel who represented the insurer at the hearing before the Deputy Commissioner did not raise any issue with regard to the attorney's fees involved herein. Cf. Liberty Stevedoring Co. v. Cardillo, 18 F.Supp. 729 (D. N.Y.1937).

Complaint dismissed.