**Mrs. Carmen C. CALLOWAY, a Widow, Plaintiff,**

v.

**C. F. HANSON, Deputy Commissioner, Pacific Compensation District, United States Department of Labor, Bureau of Employees Compensation; Air Ventures, Inc., a Florida corporation; and Commercial Insurance Company of Newark, New Jersey, Defendants.**

**Civ. No. 2741.**

United States District Court
Hawaii Dist.
Jan. 17, 1969.

Jones, Jones & Baldwin, Marshall, Tex., Greenstein, Cowan & Carlsmith, by, Stuart M. Cowan, Honolulu, Hawaii, for plaintiff.

Yoshimi Hayashi, U. S. Atty., District of Hawaii, by Michael David Hong, Asst. U. S. Atty., for District of Hawaii, for defendant Hanson.

Anderson, Wrenn & Jenks, by Martin Anderson & David J. Dezzani, Honolulu, Hawaii, for defendants Air Ventures, Inc., and Commercial Ins. Co. of Newark, N. J.

## DECISION

TAVARES, District Judge.

The plaintiff filed her complaint herein on October 2, 1967, predicating this Court's jurisdiction upon the provisions of the Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C.A. § 901 et seq. and the Defense Base Act 42 U.S.C.A. § 1651 et seq. The plaintiff is a resident of San Salvador, el Salvador, Central America, and is the widow of Van C. Calloway, deceased. Mrs. Calloway filed proceedings to obtain compensation benefits under the terms of the Defense Base Act, flowing from the death of her husband, who was killed in Nepal on October 5, 1966. These proceedings were filed with the United States Deputy Commissioner, Pacific Compensation District, United States Department of Labor, Bureau of Employees Compensation, Honolulu, Hawaii, and entitled "Carmen C. Calloway v. Air Ventures, Inc., Case #15–0543," a true copy of the original official file of which is on file herein and made a part of the record in this case.

It appears that on or about September 7, 1967, the Deputy Commissioner made an Order commuting the compensation benefits due to Mrs. Calloway to the sum of $8,946.92. In this action plaintiff contends that such action was not in accordance with law and should be suspended or set aside, in whole or in part, and that plaintiff has no adequate remedy at law. The plaintiff has prayed for the issuance of a permanent injunction restraining the defendants from enforcing the compensation order and that a mandatory injunction be issued directing the Department of Labor to set aside that part of the compensation order not supported by law and to enter an order which is in accord with the statutes appertaining thereto.

All of the defendants answered on December 26, 1967, and thereafter and on May 31, 1968 moved for summary judgment.

Thereafter and on June 13, 1968, plaintiff likewise moved for summary judgment. The matter has now been submitted by all parties for determination by the Court upon the entire record including the briefs and memoranda of the parties on file herein, and without oral arguments before the Court.

The sole question presented to the Court for determination is whether 42 U.S.C.A. § 1652(b),[1] commonly referred

---

1. 42 U.S.C.A. § 1652(b) reads as follows: "Compensation for permanent total or permanent partial disability under section 908(c) (21) of Title 33, or for death under this chapter to aliens and nonnationals of the United States not residents of the United States or Canada shall be in the same amount as provided for residents, except that dependents in any foreign country shall be limited to surviving wife and child or children, or if there be no surviving wife or child or children, to surviving father or mother whom the employee has supported, either wholly or in

to as the "Defense Base Act," permits commutation of future installments of compensation to be paid to a nonresident alien dependent widow of a United States citizen employee.

The plaintiff contends that Congress intended the dependents of United States citizens to receive full benefits regardless of their nationality, or residence, when the husband and father was killed or died within the terms of the Defense Base Act. By such interpretation plaintiff would restrict the requirements for commutation of death benefit compensation "to be paid to such aliens" to mean commutation of compensation which is payable to an alien employee.

█ The Act, however, specifically provides in the single section not only for compensation payable for disability "to be paid to such aliens," but also for compensation payable by reason of death, which obviously is only payable to dependents and the "to be paid to such aliens" must here refer to the status of the payee rather than to the status of the employee.

It is probably significant to note that the language used in 42 U.S.C.A. § 1652 (b), supra, was not new language, but will be found almost verbatim in The Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C.A. § 909(g) first enacted March 4, 1927.

█ In the instant case the Court has determined that the principles of law applied by the Deputy Commissioner are not forbidden by law, are not without any reasonable legal basis, and are not invalidated by any formal principle of law. Hurley v. Lowe, 83 U.S.App.D.C. 123, 168 F.2d 553 (1948), certiorari denied 334 U.S. 828, 68 S.Ct. 1338, 92 L.Ed. 1756.

Accordingly, plaintiff's motion for summary judgment is denied and the

defendant's motion for such judgment is hereby granted.

It is hereby Ordered, Adjudged and Decreed that plaintiff's action be and the same is hereby dismissed.

part, for the period of one year immediately prior to the date of the injury, and except that the Secretary of Labor may, at his option or upon the application of the insurance carrier shall, commute all future installments of compensation to be paid to such aliens or nonnationals of the United States by paying or causing to be paid to them one-half of the commuted amount of such future installments of compensation as determined by the Secretary."